UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANDREW QUIJANO,

Plaintiff,

v.

AMAZON.COM SERVICES LLC

Defendant.

Case No.
Index No. 734580/2025

**NOTICE OF REMOVAL**

---

TO:    THE JUDGES FOR THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE**, that Defendant Amazon.com Services, LLC ("Defendant") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, by and through its undersigned counsel, hereby removes the action entitled *Andrew Quijano v. Amazon*, filed in the Supreme Court of the State of New York, County of Queens, Index No. 734580/2025, to the United States District Court for the Eastern District of New York. As required by 28 U.S.C. § 1446(a), Defendant sets forth below a short and plain statement of the grounds for removal:

**THE STATE COURT ACTION**

1.    Plaintiff Andrew Quijano ("Plaintiff") commenced this pro se action on or about November 17, 2025, by filing a Complaint and Summons in the Supreme Court of the State of New York, County of Queens, against Defendant (the "State Court Action"). On or about November 21, 2025, Plaintiff filed an Amended Complaint. True and correct copies of the Summons, Complaint, and Amended Complaint, and affidavit of service are attached as **Exhibit A, B, C, and F.** A copy of the state court docket identifying each document filed or served in the State Court Action is attached as **Exhibit D.**

1

2.      Plaintiff was formerly employed by Defendant as a Systems Engineer. As set forth in the Amended Complaint, Plaintiff alleges a claim against Defendant under New York law for defamation per se based on a written warning issued to Plaintiff during his employment. *See* Ex. C ("Am. Compl."), ¶ 19. Plaintiff also alleges a claim under New York Labor Law §740 for retaliation and wrongful termination related to Plaintiff's jury service. *Id.* ¶ 19.

3.      Defendant denies Plaintiff's claims and denies any liability for Plaintiff's alleged injuries.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

4.      On January 6, 2026, Plaintiff served the Summons, Complaint, and Amended Complaint through the New York Secretary of State. *See* Ex. A.

5.      Removal is timely because Defendant filed this Notice of Removal within 30 days of receipt, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based. *See* 28 U.S.C. § 1446(b)(1).

6.      Plaintiff filed the State Court Action in the Supreme Court of the State of New York, County of Queens. Pursuant to 28 U.S.C. § 1441(a), venue properly lies in the United States District Court for the Eastern District of New York, which is the District Court embracing Queens County.

7.      Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon Plaintiff and filed with the Clerk of the Supreme Court of the State of New York, County of Queens, as an exhibit to a Notice of Filing Notice of Removal. A copy of the Notice of Filing Notice of Removal is attached hereto (without exhibits) as **Exhibit E.**

## THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO  28 U.S.C. § 1332(a)

8.      The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of state different from Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.[1]

**A.      The Parties are Diverse**

9.      Plaintiff alleges that he resides in Queens, New York. *See* Am. Comp., Ex. C, ¶ 1. For purposes of this Notice, Plaintiff's allegation is sufficient to establish that he is a citizen of New York. *See, e.g.*, *Diego Beekman Mut. Hous. Ass'n Hous. Dev. Fund Corp. Hdfc. v. Dish Network, L.L.C.*, No. 15-1094, 2016 WL 1060328, at *7 (S.D.N.Y. Mar. 15, 2016) ("[A]n individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile – which in turn determines citizenship.") (citation and internal quotation omitted).

10.      "Amazon" is not a legal entity. Plaintiff was at all relevant times employed by Amazon.com Services LLC.

11.      Amazon.com Services LLC (incorrectly named as "Amazon" in the Amended Complaint) is a limited liability company formed under the laws of the State of Delaware. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *Plantinum – Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019). Amazon.com Services LLC's sole

---

[1] This Notice of Removal addresses the alleged nature and amount of damages placed at issue by Plaintiff's Amended Complaint. Defendant maintains that Plaintiff's claims are without merit and that Defendant is not liable to Plaintiff. Defendant specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Defendant. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages amounts based upon the allegations contained in the Amended Complaint or otherwise.

member is Amazon.com Sales, Inc., which is incorporated in the State of Delaware with its principal place of business in Seattle, Washington. Thus, Amazon.com Services LLC is a citizen of the State of Delaware and the State of Washington, and not a citizen of the State of New York.

12.     Because Plaintiff is a citizen of New York and because Defendant is a citizen of Delaware and Washington, diversity of citizenship exists between the parties.

**B.      The Amount in Controversy Exceeds $75,000**

13.     As the Supreme Court has recognized, a defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014).

14.     Where, as here, a plaintiff does not expressly plead a specific amount of damages in the complaint, a defendant need only show a "reasonable probability" that the amount in controversy exceeds $75,000. *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 262 (S.D.N.Y. 2017). The amount in controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332 "may be met by a combination of economic and non-economic losses…" *Id.*

15.     Plaintiff seeks compensatory damages, emotional distress damages, and punitive damages in connection with his defamation claim. *See* Am. Compl., Ex. C, DEMAND FOR RELIEF, Section A(i)-(ii).

16.     In connection with his claim under New York Labor Law §740, Plaintiff additionally seeks (i) damages for lost wages (back pay) and benefits from the date of his termination, May 28, 2025, through the date of judgement; (ii) reinstatement or, in the alternative, front pay; and (iii) a statutory penalty pursuant to New York Labor Law §740(5). *See* Am. Compl.*, Ex. C, DEMAND FOR RELIEF, Section B(i)-(iii).

17.   New York Labor Law §740 provides that courts may award, among other relief, back pay and a civil penalty up to $10,000. *See* N.Y. Lab. Law §740(5)(d),(f).

18.   At the time of his separation from Defendant on May 28, 2025, Plaintiff's annual base salary was $175,000. As of the date of this Notice, Plaintiff has been separated from Defendant for 253 days. This means that, through the date of removal, the amount in controversy related to Plaintiff's back pay alone is at least $120,000. The amount in controversy for back pay through the date of judgment is higher. This figure also does not include any amount for civil penalties under New York Labor Law §740 or the amounts sought related to Plaintiff's defamation claim.

19.   While Defendant denies any liability associated with Plaintiff's claims, a good-faith estimate of the amount in controversy exceeds $75,000, exclusive of interests and costs.

### ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

20.   In accordance with 28 U.S.C. § 1446(b), a Notice of Removal was timely filed with this Court.

21.   Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Eastern District of New York is the federal judicial district embracing the Supreme Court of New York, Queens County, where Plaintiff originally filed this action.

22.   In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, Queens County, where the suit has been pending.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1332, 1441, and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes this action to the United States District Court for the Eastern District of New York and respectfully requests that the Supreme Court of the State of New York, Queens County proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

**GREENBERG TRAURIG, LLP**

By:     */s/ Shira M. Poliak*
Jason Burns, Esq.
Shira Poliak, Esq.
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9294
Jason.Burns@gtlaw.com
Shira.Poliak@gtlaw.com

*Attorneys for Defendant*
*Amazon.com Services LLC*

## CERTIFICATE OF SERVICE

I, Shira M. Poliak, hereby certify that on February 5, 2026, I caused a true and correct copy of the foregoing Notice of Removal to be served by way of U.S. Mail on Plaintiff Andrew Quijano, *pro se*, at 54-29 69th Lone Maspeth, NY, 11378.

*/s/ Shira M. Poliak*
Shira M. Poliak