# EXHIBIT B

INDEX NO. 734580/2025

RECEIVED NYSCEF: 11/17/2025

NYSCEF DOC. NO. 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------X

Plaintiff, Andrew Quijano Index No. 734580 /20 25

- against -

**COMPLAINT**

Amazon _____ Defendant. _____X

TO THE SUPREME COURT OF THE STATE OF NEW YORK

The complaint of the plaintiff, Andrew Quijano, respectfully

shows and alleges as follows:

The defendant, Amazon has committed defamation per se, via a final written warning issued in January 2025. The plantiff also alleges wrongful termination, leading to a violation of NYS Whistleblower Law/ Section 740. Please review the attached document for a more detailed allegation.

NYSCEF DOC. NO. 1

INDEX NO. 734580/2025

RECEIVED NYSCEF: 11/17/2025

**SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS**

**ANDREW QUIJANO,** Plaintiff

– against –

**AMAZON,** Defendant

## I. PARTIES AND VENUE

1. Plaintiff, **ANDREW QUIJANO**, is an individual residing in the County of Queens, State of New York.

2. Defendant, **AMAZON**, is a corporation/entity with a principal place of business in the County of Manhattan

3. The County of Queens is the proper venue for this action pursuant to CPLR § 503 because the Plaintiff resides in this County.

## II. GENERAL ALLEGATIONS

4. Plaintiff was employed by Defendant from August 15, 2022 to May 28, 2025.

5. Plaintiff was scheduled to perform mandatory jury service in the Queens County Criminal Court beginning on **January 9, 2025**

6. The retaliatory conduct giving rise to this action began just prior to the commencement of Plaintiff's jury service.

7. The Plaintiff was required to maintain a secret security clearance for his professional duties, and future career advancement requires the pursuit of a top secret clearance.

## III. FIRST CAUSE OF ACTION: DEFAMATION PER SE (SLANDER/LIBEL)

8. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 7 above as if fully set forth herein.

## IV. SECOND CAUSE OF ACTION: VIOLATION OF NEW YORK LABOR LAW §740

16. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 15 above as if fully set forth herein.

17. The Plaintiff was concerned that the Defendant was delaying or denying a scheduled promotion due to his mandatory jury service.

18. On or about **February 2025**, Plaintiff informed Glen Stevenson that any delay or penalty arising from his jury service could constitute a violation of New York Judiciary Law §519, which protects jurors from discharge or penalty on account of absence for jury service.

19. Plaintiff reasonably believed that the delayed promotion, coupled with the wrongful written warning issued in January 2025, constituted a **penalty** in violation of Judiciary Law §519, which is a violation of law within the meaning of Labor Law §740(2)(a).

20. On **February 18, 2025**, Plaintiff sent an email to the Queens County Criminal Court regarding his concerns about the §519 violation, constituting a protected disclosure to a **public body** under Labor Law §740.

21. Prior notification to a direct supervisor was not required pursuant to **Labor Law §740(3)(e)** because the Plaintiff reasonably believed that the direct supervisor was already aware of the promotion delay and **would not correct the violation.**

22. This reasonable belief was based upon the following: the manager's attempts to intimidate the Plaintiff regarding the wrongful written warning; the fact that the manager **CC'd his direct supervisor on the warning communication**, suggesting the retaliatory action was compelled or supported by higher management; the manager's pattern of avoiding discussion of the promotion; and the Plaintiff's resulting high suspicion that the promotion would be delayed due to managerial inaction and/or direction.

NYSCEF DOC. NO. 1

INDEX NO. 734580/2025
RECEIVED NYSCEF: 11/17/2025

i. Damages for lost wages and benefits from May 28, 2025, to the date of judgment (back pay).

ii. Reinstatement to Plaintiff's former position, or in the alternative, front pay.

iii. A civil penalty pursuant to Labor Law §740(5).

iv. Payment of all reasonable attorneys' fees, costs, and disbursements of this action.

C. For such other and further relief as the Court deems just and proper.

NYSCEF DOC. NO. 1

INDEX NO. 734580/2025

RECEIVED NYSCEF: 11/17/2025

Dated: 11/17/2025

_Andrew Quijano_
Plaintiff

3

NYSCEF DOC. NO. 1

INDEX NO. 734580/2025
RECEIVED NYSCEF: 11/17/2025

## VERIFICATION

_____ Andrew Quijano _____, being duly sworn deposes and says

I am the plaintiff in the above-entitled action  I have read the foregoing complaint and know the contents thereof  The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true

_____
**Signature**

_____ Andrew Quijano _____
**Print Name**

Sworn to before me this
17 day of November 2025

_____
**Notary Public**

ANNA LISA S. ENRIQUEZ
Notary Public, State of New York
No. 04EN6405207
Qualified in Queens County
My Commission Expires March 2, 2028

8 of 8