# EXHIBIT C

FILED: QUEENS COUNTY CLERK 11/21/2025 09:23 AM    INDEX NO. 734580/2025
NYSCEF DOC. NO. 2                                               RECEIVED NYSCEF: 11/21/2025

Amended Complaint  734580/2025

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS

ANDREW QUIJANO, Plaintiff,

– against –

AMAZON, Defendant

## I. PARTIES AND VENUE

1. Plaintiff, **ANDREW QUIJANO**, is an individual residing in the County of Queens, State of New York.

2. Defendant, **AMAZON**, is a corporation/entity transacts business in the County of Queens and throughout New York State.

3. The County of Queens is the proper venue for this action pursuant to CPLR § 503 because the Plaintiff resides in this County.

## II. GENERAL ALLEGATIONS

4. Plaintiff was employed by Defendant from August 15, 2022 to May 28, 2025.

5. Plaintiff was scheduled to perform mandatory jury service in the Queens County Criminal Court beginning on **January 9, 2025** and ending on **January 22, 2025**

6. The retaliatory conduct giving rise to this action began just three days prior to the commencement of Plaintiff's jury service.

7. The Plaintiff was required to maintain a secret security clearance for his professional duties, and future career advancement may require the pursuit of a top secret clearance.

## III. FIRST CAUSE OF ACTION: DEFAMATION PER SE (SLANDER/LIBEL)

8. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 7 above as if fully set forth herein.

FILED: QUEENS COUNTY CLERK 11/21/2025 09:23 AM    INDEX NO. 734580/2025

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 11/21/2025

9. On **January 6, 2025**, the Defendant's Human Resources department, internally published a final written warning to the Plaintiff, which was also communicated to the Plaintiff's supervisor.

10. The written warning contained the following false and defamatory words concerning the Plaintiff: **"Unauthorized use, misuse, or abuse of equipment, products, material, or property belonging to other associates, belonging to the company, or in the company's custody."**

11. The statements in Paragraph 10 are false and were published internally by the Defendant without review.

12. The defamatory statements constitute defamation *per se* because they charge Plaintiff with misconduct, dishonesty, and unprofessionalism that tends to injure the Plaintiff in his trade, business, and profession.

13. Specifically, because the Plaintiff's job duties relate to **cybersecurity and computing resources**, the accusation of "unauthorized use, misuse, or abuse of equipment" implies conduct consistent with unauthorized access or misuse of computing resources, allegations that, in the cybersecurity profession, **carry the same weight and seriousness as accusations of potential statutory or criminal violations.**

14. Due to the nature of Plaintiff's required **secret security clearance**, the Plaintiff has a mandatory, continuing duty to report this disciplinary action to the Federal Government, which creates a reportable event that may adversely affect eligibility for continued clearance.

15. The Defendant acted with **actual malice, reckless disregard** for the truth, and wanton indifference to the consequences of the internal publication, thereby entitling the Plaintiff to punitive damages.

FILED: QUEENS COUNTY CLERK 11/21/2025 09:23 AM
NYSCEF DOC. NO. 2

INDEX NO. 734580/2025
RECEIVED NYSCEF: 11/21/2025

## IV. SECOND CAUSE OF ACTION: VIOLATION OF NEW YORK LABOR LAW §740

16. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 15 above as if fully set forth herein.

17. The Plaintiff was concerned that the Defendant was delaying or denying a scheduled promotion due to his mandatory jury service. The promotion had been previously scheduled for January 2025, a date the Plaintiff's supervisor was aware of.

18. On or about **February 17 2025**, Plaintiff informed their supervisor that any delay or penalty arising from his jury service could constitute a violation of New York Judiciary Law §519, which protects jurors from discharge or penalty on account of absence for jury service.

19. Plaintiff reasonably believed that the delayed promotion, coupled with the wrongful written warning issued in January 2025, constituted a **penalty** in violation of Judiciary Law §519, which is a violation of law within the meaning of Labor Law §740(2)(a).

20. On **February 18, 2025**, Plaintiff sent an email to the Queens County Criminal Court regarding his concerns about the §519 violation, constituting a protected disclosure to a **public body** under Labor Law §740.

21. Prior notification to a direct supervisor was not required pursuant to **Labor Law §740(3)(e)** because the Plaintiff reasonably believed that the direct supervisor was already aware of the promotion delay and **would not correct the violation.**

22. This reasonable belief was based upon the following: the manager's attempts to intimidate the Plaintiff regarding the wrongful written warning; the fact that the manager **CC'd his direct supervisor on the warning communication**, suggesting the retaliatory action was compelled or supported by higher management; the manager's pattern of

FILED: QUEENS COUNTY CLERK 11/21/2025 09:23 AM    INDEX NO. 734580/2025

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 11/21/2025

avoiding discussion of the promotion; and the Plaintiff's resulting high suspicion that the promotion would be delayed due to managerial inaction and/or direction.

23. The Plaintiff's email to the Queens County Court on February 18, 2025, demonstrates the Plaintiff's good-faith effort to seek clarification from a neutral public body on whether a corrective letter from the court to the manager's manager, or HR could be acquired to avoid a potential §519 violation.

24. This outreach reflects the Plaintiff's reasonable belief that internal reporting to his supervisor would be futile, satisfying **Labor Law §740(3)(e)**.

25. In retaliation for the protected disclosures (Paragraphs 18 and 20), the Defendant placed the Plaintiff on Focus, the prelude to the Performance Improvement Plan (PIP). By late May 2025, the defendant informed the Plaintiff that he would be placed on a PIP, a process widely understood within the company as pretext for termination. The Plaintiff reasonably believed termination was imminent.

26. The Defendant had multiple months after receiving notice of the alleged violation (February 2025) to correct the activity but failed to do so, choosing instead to escalate the retaliatory conduct.

27. Defendant's actions constitute an unlawful retaliatory personnel action in violation of New York Labor Law §740, causing the Plaintiff financial loss and severe emotional harm.

## V. DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant(s) as follows:

A. On the First Cause of Action (Defamation Per Se), for:

i. Compensatory damages for injury to reputation, emotional distress, and loss of future career opportunities in an amount to be determined by the Court.

ii. Punitive damages due to the malicious and reckless nature of the internal publication.

FILED: QUEENS COUNTY CLERK 11/21/2025 09:23 AM
NYSCEF DOC. NO. 2

INDEX NO. 734580/2025
RECEIVED NYSCEF: 11/21/2025

B. On the Second Cause of Action (Labor Law §740 Whistleblower), for:

    i. Damages for lost wages and benefits from May 28, 2025, to the date of judgment (back pay).

    ii. Reinstatement to Plaintiff's former position, or in the alternative, front pay.

    iii. A civil penalty pursuant to Labor Law §740(5).

    iv. Payment of all reasonable attorneys' fees, costs, and disbursements of this action.

C. A declaratory judgment pursuant to CPLR Article 30 that the Plaintiff's protected disclosures and whistleblower actions, as described in this Complaint, were made in good faith and are protected under New York Labor Law §740 and related provisions, and that the Defendant's retaliatory actions in response thereto violated the Plaintiff's statutory rights.

D. For such other and further relief as the Court deems just and proper.

*Chnoline Zinzono*    11/21/2025

**DOS 470 (Rev. 10/09)**

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

**Return Services Requested**

US POSTAGE
ZIP 12231 $ 007.20⁰
02 4W



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**USPS CERTIFIED MAIL**

**USPS CERTIFIED MAIL**

9214 8969 0059 7931 7587 65

202601120145
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY 12207, USA