# EXHIBIT A

Case 1:26-cv-00664-LDH-RML Document 9-4 Filed 02/11/26 Page 2 of 43 PageID #: 56

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| ANDREW QUIJANO,<br><br>                        Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC<br><br>                      Defendant. | Case No.<br>Index No. 734580/2025<br><br>**NOTICE OF FILING**<br>**<u>NOTICE OF REMOVAL</u>** |

TO:    THE JUDGES FOR THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

**PLEASE TAKE NOTICE**, that Defendant Amazon.com Services, LLC filed a "Notice of Removal" in the above-captioned action from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal and this Notice of Filing of Notice of Removal effects the removal of this action to the United States District Court for the Eastern District of New York, and this action shall proceed in this Court no further unless and until the case is remanded. A copy of the Notice of Removal, with attachments, is attached hereto as **Exhibit A.**

Dated: February 5, 2026

                               **GREENBERG TRAURIG, LLP**

                               By:    */s/ Shira M. Poliak*
                                      Jason Burns, Esq.
                                      Shira Poliak, Esq.
                                      One Vanderbilt Avenue
                                      New York, NY 10017
                                      Tel: (212) 801-9294
                                      Jason.Burns@gtlaw.com
                                      Shira.Poliak@gtlaw.com

ACTIVE 718635308v1

Case 1:26-cv-00664-LDH-RML    Document 9-4    Filed 02/11/26    Page 3 of 43 PageID #:
57

*Attorneys for Defendant*
*Amazon.com Services LLC*

ACTIVE 718635308v1

Case 1:26-cv-00664-LDH-RML    Document 9-4    Filed 02/11/26    Page 4 of 43 PageID #: 58

## CERTIFICATE OF SERVICE

I, Shira M. Poliak, hereby certify that on February 6, 2026, I caused a true and correct copy of the foregoing Notice of Filing Notice of Removal to be served by way of U.S. Mail on Plaintiff Andrew Quijano, *pro se*, at 54-29 69th Lone Maspeth, NY, 11378.

*/s/ Shira M. Poliak*
Shira M. Poliak

ACTIVE 718635308v1

Case 1:26-cv-00664-LDH-RML    Document 9-4    Filed 02/11/26    Page 5 of 43 PageID #: 59

# EXHIBIT A

Case 1:26-cv-00654-DLI-RML Document 1 Filed 02/05/26 Page 1 of 7 PageID #: 60

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW QUIJANO,<br><br>                       Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC<br><br>                    Defendant. | Case No.<br>Index No. 734580/2025<br><br>**<u>NOTICE OF REMOVAL</u>** |

TO:    THE JUDGES FOR THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE**, that Defendant Amazon.com Services, LLC ("Defendant") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, by and through its undersigned counsel, hereby removes the action entitled *Andrew Quijano v. Amazon*, filed in the Supreme Court of the State of New York, County of Queens, Index No. 734580/2025, to the United States District Court for the Eastern District of New York. As required by 28 U.S.C. § 1446(a), Defendant sets forth below a short and plain statement of the grounds for removal:

**THE STATE COURT ACTION**

1.      Plaintiff Andrew Quijano ("Plaintiff") commenced this pro se action on or about November 17, 2025, by filing a Complaint and Summons in the Supreme Court of the State of New York, County of Queens, against Defendant (the "State Court Action"). On or about November 21, 2025, Plaintiff filed an Amended Complaint. True and correct copies of the Summons, Complaint, and Amended Complaint, and affidavit of service are attached as **Exhibit A, B, C, and F.** A copy of the state court docket identifying each document filed or served in the State Court Action is attached as **Exhibit D.**

1

Case 1:26-cv-00654-DB64RM Document Filed 02/05/26/11:26 Page 2 of 7 Page 43 PageID #: 61

2.    Plaintiff was formerly employed by Defendant as a Systems Engineer. As set forth in the Amended Complaint, Plaintiff alleges a claim against Defendant under New York law for defamation per se based on a written warning issued to Plaintiff during his employment. *See* Ex. C ("Am. Compl."), ¶ 19. Plaintiff also alleges a claim under New York Labor Law §740 for retaliation and wrongful termination related to Plaintiff's jury service. *Id.* ¶ 19.

3.    Defendant denies Plaintiff's claims and denies any liability for Plaintiff's alleged injuries.

### THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

4.    On January 6, 2026, Plaintiff served the Summons, Complaint, and Amended Complaint through the New York Secretary of State. *See* Ex. A.

5.    Removal is timely because Defendant filed this Notice of Removal within 30 days of receipt, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based. *See* 28 U.S.C. § 1446(b)(1).

6.    Plaintiff filed the State Court Action in the Supreme Court of the State of New York, County of Queens. Pursuant to 28 U.S.C. § 1441(a), venue properly lies in the United States District Court for the Eastern District of New York, which is the District Court embracing Queens County.

7.    Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon Plaintiff and filed with the Clerk of the Supreme Court of the State of New York, County of Queens, as an exhibit to a Notice of Filing Notice of Removal. A copy of the Notice of Filing Notice of Removal is attached hereto (without exhibits) as **Exhibit E.**

Case 1:26-cv-00654-DB64RM Document Filed 02/05/26/11:26 Page 2 of 7 Page 43 PageID #:

2

Case Case 1:26-cv-00654-DB-RM Document Document Filed 02/05/26/11726 Page 3 Page 7 of 4 Page 43 PageID #: 62

## THIS COURT HAS SUBJECT MATTER JURISDICTION
## PURSUANT TO  28 U.S.C. § 1332(a)

8.     The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of state different from Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.[1]

### A.     The Parties are Diverse

9.     Plaintiff alleges that he resides in Queens, New York. *See* Am. Comp., Ex. C, ¶ 1. For purposes of this Notice, Plaintiff's allegation is sufficient to establish that he is a citizen of New York. *See, e.g.*, *Diego Beekman Mut. Hous. Ass'n Hous. Dev. Fund Corp. Hdfc. v. Dish Network, L.L.C.*, No. 15-1094, 2016 WL 1060328, at *7 (S.D.N.Y. Mar. 15, 2016) ("[A]n individual's residence at the time a lawsuit is commenced provides *prima facie* evidence of his domicile – which in turn determines citizenship.") (citation and internal quotation omitted).

10.     "Amazon" is not a legal entity. Plaintiff was at all relevant times employed by Amazon.com Services LLC.

11.     Amazon.com Services LLC (incorrectly named as "Amazon" in the Amended Complaint) is a limited liability company formed under the laws of the State of Delaware. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *Plantinum – Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019). Amazon.com Services LLC's sole

---

[1] This Notice of Removal addresses the alleged nature and amount of damages placed at issue by Plaintiff's Amended Complaint. Defendant maintains that Plaintiff's claims are without merit and that Defendant is not liable to Plaintiff. Defendant specifically denies that Plaintiff has suffered any damage as a result of any act or omission by Defendant. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages amounts based upon the allegations contained in the Amended Complaint or otherwise.

3

Case Case1:26cv40064RMDocument Document Filed 02/05/26/11Page 4 Page Page4D PageID #:
63

member is Amazon.com Sales, Inc., which is incorporated in the State of Delaware with its principal place of business in Seattle, Washington. Thus, Amazon.com Services LLC is a citizen of the State of Delaware and the State of Washington, and not a citizen of the State of New York.

12.     Because Plaintiff is a citizen of New York and because Defendant is a citizen of Delaware and Washington, diversity of citizenship exists between the parties.

### B.     The Amount in Controversy Exceeds $75,000

13.     As the Supreme Court has recognized, a defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014).

14.     Where, as here, a plaintiff does not expressly plead a specific amount of damages in the complaint, a defendant need only show a "reasonable probability" that the amount in controversy exceeds $75,000. *Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 262 (S.D.N.Y. 2017). The amount in controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332 "may be met by a combination of economic and non-economic losses…" *Id.*

15.     Plaintiff seeks compensatory damages, emotional distress damages, and punitive damages in connection with his defamation claim. *See* Am. Compl., Ex. C, DEMAND FOR RELIEF, Section A(i)-(ii).

16.     In connection with his claim under New York Labor Law §740, Plaintiff additionally seeks (i) damages for lost wages (back pay) and benefits from the date of his termination, May 28, 2025, through the date of judgement; (ii) reinstatement or, in the alternative, front pay; and (iii) a statutory penalty pursuant to New York Labor Law §740(5). *See* Am. Compl*.,* Ex. C, DEMAND FOR RELIEF, Section B(i)-(iii).

4

Case 2:26-cv-00664-RML Document 1 Filed 02/05/26 Page 5 of 17 PageID #: 64

17.     New York Labor Law §740 provides that courts may award, among other relief, back pay and a civil penalty up to $10,000. *See* N.Y. Lab. Law §740(5)(d),(f).

18.     At the time of his separation from Defendant on May 28, 2025, Plaintiff's annual base salary was $175,000. As of the date of this Notice, Plaintiff has been separated from Defendant for 253 days. This means that, through the date of removal, the amount in controversy related to Plaintiff's back pay alone is at least $120,000. The amount in controversy for back pay through the date of judgment is higher. This figure also does not include any amount for civil penalties under New York Labor Law §740 or the amounts sought related to Plaintiff's defamation claim.

19.     While Defendant denies any liability associated with Plaintiff's claims, a good-faith estimate of the amount in controversy exceeds $75,000, exclusive of interests and costs.

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

20.     In accordance with 28 U.S.C. § 1446(b), a Notice of Removal was timely filed with this Court.

21.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Eastern District of New York is the federal judicial district embracing the Supreme Court of New York, Queens County, where Plaintiff originally filed this action.

22.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, Queens County, where the suit has been pending.

5

Case 1:26-cv-00664-RML   Document 1   Filed 02/06/26   Page 6 of 17 PageID #: 65

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1332, 1441, and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes this action to the United States District Court for the Eastern District of New York and respectfully requests that the Supreme Court of the State of New York, Queens County proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

**GREENBERG TRAURIG, LLP**

By:    */s/ Shira M. Poliak*
        Jason Burns, Esq.
        Shira Poliak, Esq.
        One Vanderbilt Avenue
        New York, NY 10017
        Tel: (212) 801-9294
        Jason.Burns@gtlaw.com
        Shira.Poliak@gtlaw.com

        *Attorneys for Defendant*
        *Amazon.com Services LLC*

6

Case 1:26-cv-00664-RML Document 1 Filed 02/05/26 Page 7 of 7 PageID #: 66

## CERTIFICATE OF SERVICE

I, Shira M. Poliak, hereby certify that on February 5, 2026, I caused a true and correct copy

of the foregoing Notice of Removal to be served by way of U.S. Mail on Plaintiff Andrew Quijano,

*pro se*, at 54-29 69th Lone Maspeth, NY, 11378.

/s/ Shira M. Poliak
Shira M. Poliak

7

Case 1:25-cv-06620-RML Document 1 Filed 02/06/26 Page 1 of 43 PageID #: 67

# EXHIBIT A

Case 1:26-cv-00660-RM Document Filed 02/06/26 Page 2 of 4 PageID #: 68

# STATE OF NEW YORK
# DEPARTMENT OF STATE

ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001
WWW.DOS.NY.GOV

KATHY HOCHUL
GOVERNOR

WALTER T. MOSLEY
SECRETARY OF STATE

January 12, 2026

CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY 12207, USA

| | | |
|---|---|---|
| RE: | Party Served: | AMAZON.COM SERVICES LLC |
| | Plaintiff/Petitioner: | ANDREW QUIJANO |
| | Receipt Number: | 202601120145 |
| | Date Served: | 01/06/2026 |
| | Section of Law: | SECTION 303 OF THE LIMITED LIABILITY COMPANY LAW |

To whom it may concern:

Enclosed is a legal document that was served upon the Secretary of State as the designated agent of the above named party. The Department of State is required by law to forward this legal document to the address on file for such party. This office is not authorized to offer legal advice. If you have any questions concerning this document, please contact your attorney.

Recently enacted legislation permits process to be served electronically on the Secretary of State as agent of a domestic or authorized foreign corporation, limited liability company, limited partnership, limited liability partnership, general association or condominium board, provided such entity has provided the Department of State with an email address for electronic service of process notification.

If the above named party has not already done so, it may provide the Department of State with an email address to which the Department will email a notice of the fact that process against such party has been electronically served upon the Secretary of State. A copy of any process served electronically will be made available to the party served through the Department's Electronic Service of Process webpage. Entities may provide the Department with an email address through the amendment procedure permitted by the law for such entity.

Sincerely,

Department of State
Division of Corporations, State Records
and Uniform Commercial Code
(518) 473-2492



Case 1:26-cv-00604-FB Document 1 Filed 02/05/26 Page 3 of 4 PageID #: 69

INSTRUCTIONS: FILL IN THE NAMES IN THE BOX NUMBER BELOW, THE INDEX NUMBER AND THE DATE THE INDEX NUMBER WAS PURCHASED. COMPLETE ALL BLANKS IN ACCORDANCE WITH THE DIRECTIONS SET FORTH IN BOLD PRINT.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

————————————————————————x

Andrew Quijano
[YOUR NAME(S)]

Plaintiff(s),

-against-

Amazon
[NAME OF PERSON(S) SUED]

Defendant(s)

————————————————————————x

To the Person(s) Named as Defendant(s) Above:

Index No. 734580 2025

Date Index No.
purchased 11/17/2025

**SUMMONS**

PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff(s) herein and to serve a copy of your answer on the plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the Summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: 11/17, 2025
[DATE OF SUMMONS]

Andrew Quijano
[YOUR NAME(S)]

54-29 69th Lane
Maspeth, NY, 11378
917 224 2122
[YOUR ADDRESS(ES) and
PHONE NUMBER(S)]

Defendant's Address 7 W 34th Street, NY, NY 10001
[ADDRESS OF PERSON(S) SUED]

Venue: Plaintiff(s) designate(s) Queens County as the place of trial. The basis of this designation is [CHECK ONE]:

☑ Plaintiff(s)' Residence in Queens County.
☐ Defendant(s)' Residence in Queens County.
☐ Other -- Describe: _____

NOTE: THIS FORM OF SUMMONS MUST BE SERVED WITH A COMPLAINT

Case 1:26-cv-00664-RPK   Document 5   Filed 02/05/26   Page 4 of 43 PageID #: 70

Queens County Clerk's Office
Paym 3073074 11/17/2025 10:59a
Cashier MJMARICA Register # 2


Tr.3825389                              $210.00
Documents Pay At Court E-file
Quijano v Amazon Summons+Complaint

Total:                                  $210.00

Credit                                  $210.00

Case 1:26-cv-00660-CBA-RML Document 1 Filed 02/05/26 Page 1 of 7 PageID #: 71

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------x

Plaintiff, Andrew Quijano   Index No. 734580 /20 25

- against -

**COMPLAINT**

Amazon _____ Defendant. _____x

TO THE SUPREME COURT OF THE STATE OF NEW YORK

The complaint of the plaintiff, Andrew Quijano , respectfully

shows and alleges as follows:

The defendant, Amazon has committed
defamation per se, via a final written warning issued
in January 2025. The plantiff also alleges
wrongful termination, leading to a violation of NYS
Whistleblower Law / Section 740. Please review
the attached document for a more detailed
allegation.

Case 2:26-cv-00604-FB Document 5 Filed 02/05/26 Page 3 Page ID #: 73

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS

**ANDREW QUIJANO,** Plaintiff

– against –

**AMAZON,** Defendant

## I. PARTIES AND VENUE

1. Plaintiff, **ANDREW QUIJANO**, is an individual residing in the County of Queens, State of New York.

2. Defendant, **AMAZON**, is a corporation/entity with a principal place of business in the County of Manhattan

3. The County of Queens is the proper venue for this action pursuant to CPLR § 503 because the Plaintiff resides in this County.

## II. GENERAL ALLEGATIONS

4. Plaintiff was employed by Defendant from August 15, 2022 to May 28, 2025.

5. Plaintiff was scheduled to perform mandatory jury service in the Queens County Criminal Court beginning on **January 9, 2025**

6. The retaliatory conduct giving rise to this action began just prior to the commencement of Plaintiff's jury service.

7. The Plaintiff was required to maintain a secret security clearance for his professional duties, and future career advancement requires the pursuit of a top secret clearance.

## III. FIRST CAUSE OF ACTION: DEFAMATION PER SE (SLANDER/LIBEL)

8. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 7 above as if fully set forth herein.

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 11/17/2025

## IV. SECOND CAUSE OF ACTION: VIOLATION OF NEW YORK LABOR LAW §740

16. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 15 above as if fully set forth herein.

17. The Plaintiff was concerned that the Defendant was delaying or denying a scheduled promotion due to his mandatory jury service.

18. On or about **February 2025**, Plaintiff informed Glen Stevenson that any delay or penalty arising from his jury service could constitute a violation of New York Judiciary Law §519, which protects jurors from discharge or penalty on account of absence for jury service.

19. Plaintiff reasonably believed that the delayed promotion, coupled with the wrongful written warning issued in January 2025, constituted a **penalty** in violation of Judiciary Law §519, which is a violation of law within the meaning of Labor Law §740(2)(a).

20. On **February 18, 2025**, Plaintiff sent an email to the Queens County Criminal Court regarding his concerns about the §519 violation, constituting a protected disclosure to a **public body** under Labor Law §740.

21. Prior notification to a direct supervisor was not required pursuant to **Labor Law §740(3)(e)** because the Plaintiff reasonably believed that the direct supervisor was already aware of the promotion delay and **would not correct the violation.**

22. This reasonable belief was based upon the following: the manager's attempts to intimidate the Plaintiff regarding the wrongful written warning; the fact that the manager **CC'd his direct supervisor on the warning communication**, suggesting the retaliatory action was compelled or supported by higher management; the manager's pattern of avoiding discussion of the promotion; and the Plaintiff's resulting high suspicion that the promotion would be delayed due to managerial inaction and/or direction.

Case 1:26-cv-00604-RPK Document 1 Filed 02/05/26 Page 5 Page 14 PageID #: 75

i. Damages for lost wages and benefits from May 28, 2025, to the date of judgment

(back pay).

ii. Reinstatement to Plaintiff's former position, or in the alternative, front pay.

iii. A civil penalty pursuant to Labor Law §740(5).

iv. Payment of all reasonable attorneys' fees, costs, and disbursements of this action.

C. For such other and further relief as the Court deems just and proper.

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 11/17/2025

Dated: 11/17/2025

_____
Andrew Quijano
Plaintiff

3

Case 1:26-cv-00660-RML   Document 1   Filed 02/05/26   Page 7 of 42 PageID #: 77

## VERIFICATION

_____ A Andrew Quijano _____, being duly sworn deposes and says

I am the plaintiff in the above-entitled action   I have read the foregoing complaint and know the contents thereof   The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true

_____
**Signature**

_____
Andrew Quijano
**Print Name**

Sworn to before me this
17th day of November 200 25

_____
**Notary Public**

ANNA LISA S. ENRIQUEZ
Notary Public, State of New York
No. 04EN6405207
Qualified in Queens County
My Commission Expires March 2, 2028

Case 1:26-cv-00660-H-RW Document 1-6 Filed 07/05/26 Page 1 of 7 Page 143 PageID #: 78

# EXHIBIT C

Case 1:26-cv-00660-H-RMS Document 1 Filed 02/05/26 Page 2 of 25 PageID #:79

Amended Complaint 734580/2025

**SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS**

ANDREW QUIJANO, Plaintiff,

– against –

**AMAZON,** Defendant

## I. PARTIES AND VENUE

1. Plaintiff, **ANDREW QUIJANO**, is an individual residing in the County of Queens, State of New York.

2. Defendant, **AMAZON**, is a corporation/entity transacts business in the County of Queens and throughout New York State.

3. The County of Queens is the proper venue for this action pursuant to CPLR § 503 because the Plaintiff resides in this County.

## II. GENERAL ALLEGATIONS

4. Plaintiff was employed by Defendant from August 15, 2022 to May 28, 2025.

5. Plaintiff was scheduled to perform mandatory jury service in the Queens County Criminal Court beginning on **January 9, 2025** and ending on **January 22, 2025**

6. The retaliatory conduct giving rise to this action began just three days prior to the commencement of Plaintiff's jury service.

7. The Plaintiff was required to maintain a secret security clearance for his professional duties, and future career advancement may require the pursuit of a top secret clearance.

## III. FIRST CAUSE OF ACTION: DEFAMATION PER SE (SLANDER/LIBEL)

8. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 7 above as if fully set forth herein.

Case 1:26-cv-00660-H-RML Document 1 Filed 02/05/26 Page 3 Page 26 of 43 PageID

9. On **January 6, 2025**, the Defendant's Human Resources department, internally published a final written warning to the Plaintiff, which was also communicated to the Plaintiff's supervisor.

10. The written warning contained the following false and defamatory words concerning the Plaintiff: **"Unauthorized use, misuse, or abuse of equipment, products, material, or property belonging to other associates, belonging to the company, or in the company's custody."**

11. The statements in Paragraph 10 are false and were published internally by the Defendant without review.

12. The defamatory statements constitute defamation *per se* because they charge Plaintiff with misconduct, dishonesty, and unprofessionalism that tends to injure the Plaintiff in his trade, business, and profession.

13. Specifically, because the Plaintiff's job duties relate to **cybersecurity and computing resources**, the accusation of "unauthorized use, misuse, or abuse of equipment" implies conduct consistent with unauthorized access or misuse of computing resources, allegations that, in the cybersecurity profession, **carry the same weight and seriousness as accusations of potential statutory or criminal violations.**

14. Due to the nature of Plaintiff's required **secret security clearance**, the Plaintiff has a mandatory, continuing duty to report this disciplinary action to the Federal Government, which creates a reportable event that may adversely affect eligibility for continued clearance.

15. The Defendant acted with **actual malice, reckless disregard** for the truth, and wanton indifference to the consequences of the internal publication, thereby entitling the Plaintiff to punitive damages.

Case 1:26-cv-00660-H-RML Document 1 Filed 02/05/26 Page 4 of 7 PageID #: 01

## IV. SECOND CAUSE OF ACTION: VIOLATION OF NEW YORK LABOR LAW §740

16. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 15 above as if fully set forth herein.

17. The Plaintiff was concerned that the Defendant was delaying or denying a scheduled promotion due to his mandatory jury service. The promotion had been previously scheduled for January 2025, a date the Plaintiff's supervisor was aware of.

18. On or about **February 17 2025**, Plaintiff informed their supervisor that any delay or penalty arising from his jury service could constitute a violation of New York Judiciary Law §519, which protects jurors from discharge or penalty on account of absence for jury service.

19. Plaintiff reasonably believed that the delayed promotion, coupled with the wrongful written warning issued in January 2025, constituted a **penalty** in violation of Judiciary Law §519, which is a violation of law within the meaning of Labor Law §740(2)(a).

20. On **February 18, 2025**, Plaintiff sent an email to the Queens County Criminal Court regarding his concerns about the §519 violation, constituting a protected disclosure to a **public body** under Labor Law §740.

21. Prior notification to a direct supervisor was not required pursuant to **Labor Law §740(3)(e)** because the Plaintiff reasonably believed that the direct supervisor was already aware of the promotion delay and **would not correct the violation.**

22. This reasonable belief was based upon the following: the manager's attempts to intimidate the Plaintiff regarding the wrongful written warning; the fact that the manager **CC'd his direct supervisor on the warning communication**, suggesting the retaliatory action was compelled or supported by higher management; the manager's pattern of

avoiding discussion of the promotion; and the Plaintiff's resulting high suspicion that the promotion would be delayed due to managerial inaction and/or direction.

23. The Plaintiff's email to the Queens County Court on February 18, 2025, demonstrates the Plaintiff's good-faith effort to seek clarification from a neutral public body on whether a corrective letter from the court to the manager's manager, or HR could be acquired to avoid a potential §519 violation.

24. This outreach reflects the Plaintiff's reasonable belief that internal reporting to his supervisor would be futile, satisfying **Labor Law §740(3)(e).**

25. In retaliation for the protected disclosures (Paragraphs 18 and 20), the Defendant placed the Plaintiff on Focus, the prelude to the Performance Improvement Plan (PIP). By late May 2025, the defendant informed the Plaintiff that he would be placed on a PIP, a process widely understood within the company as pretext for termination. The Plaintiff reasonably believed termination was imminent.

26. The Defendant had multiple months after receiving notice of the alleged violation (February 2025) to correct the activity but failed to do so, choosing instead to escalate the retaliatory conduct.

27. Defendant's actions constitute an unlawful retaliatory personnel action in violation of New York Labor Law §740, causing the Plaintiff financial loss and severe emotional harm.

## V. DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant(s) as follows:

A. On the First Cause of Action (Defamation Per Se), for:

i. Compensatory damages for injury to reputation, emotional distress, and loss of future career opportunities in an amount to be determined by the Court.

ii. Punitive damages due to the malicious and reckless nature of the internal publication.

Case 1:26-cv-00660-H-FW Document 1 Filed 02/05/26 Page 6 of 42 PageID #24

B. On the Second Cause of Action (Labor Law §740 Whistleblower), for:

i. Damages for lost wages and benefits from May 28, 2025, to the date of judgment (back pay).

ii. Reinstatement to Plaintiff's former position, or in the alternative, front pay.

iii. A civil penalty pursuant to Labor Law §740(5).

iv. Payment of all reasonable attorneys' fees, costs, and disbursements of this action.

C. A declaratory judgment pursuant to CPLR Article 30 that the Plaintiff's protected disclosures and whistleblower actions, as described in this Complaint, were made in good faith and are protected under New York Labor Law §740 and related provisions, and that the Defendant's retaliatory actions in response thereto violated the Plaintiff's statutory rights.

D. For such other and further relief as the Court deems just and proper.

*Chrodler Zuzono*     11/21/2025

**FILED: QUEENS COUNTY CLERK 02/06/2026 01:00 AM**
NYSCEF DOC. NO. 5

INDEX NO. 734580/2025

RECEIVED NYSCEF: 02/06/2026

DOS 470 (Rev. 10/09)

## DEPARTMENT OF STATE
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

**Return Services Requested**

US POSTAGE

ZIP 12231
02 4W
$ 007.20



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**USPS CERTIFIED MAIL**

USPS CERTIFIED MAIL

9214 8969 0059 7931 7587 65

202601120145
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY 12207, USA

Case 1:26-cv-00660-CH-RML Document 1 Filed 02/05/26 Page 1 of 2 PageID #: 85

# EXHIBIT D

**FILED: QUEENS COUNTY CLERK 02/06/2026 01:00 AM**   INDEX NO. 734580/2025

NYSCEF DOC. NO. 5                                     RECEIVED NYSCEF: 02/06/2026

Case 1:26-cv-00660-H Document Filed 02/05/26/1726 2 Page 2 of 143 PageID #: 86





## WebCivil Supreme - Case Detail

Add to eTrack

| | |
|---|---|
| Court: | **Queens Supreme Court** |
| Index Number: | **734580/2025** |
| Case Name: | **Quijano, Andrew vs. Amazon** |
| Case Type: | **Tort-Other** |
| Track: | **Standard** |
| RJI Filed: | **01/23/2026** |
| Date NOI Due: | **01/23/2027** |
| NOI Filed: | |
| Disposition Date: | |
| Calendar Number: | |
| Jury Status: | |
| Justice Name: | **Alomar, Hon Karina E.** |

Plaintiff/Petitioner:

**Quijano, Andrew**

Defendant/Respondent:

**Amazon**

Attorney/Firm For Plaintiff:

Attorney/Firm For Defendant:

**Amazon**    Attorney Type: **UNREPRESENTED**    Atty. Status: **Active**

### Appearance Information:

| Appearance Date | Time | Court Date Purpose | Fully Virtual | Court Date Type | Outcome Type | Justice Part | Remarks | Motion Seq |
|---|---|---|---|---|---|---|---|---|
| 02/23/2026 | | Conference-Preliminary | No | Administrative - No Appearance Required | | Cohanim Lancman, Hon. Mojgan Preliminary Conference Part | | |

### Document List - Click on the document name to view the document

| Document # | Date Received/Filed | Document | Description | Motion # | Filing User |
|---|---|---|---|---|---|
| 1 | 11/17/2025 | SUMMONS + COMPLAINT | --none-- | | Jennifer Estevez court user |
| 2 | 11/21/2025 | COMPLAINT (AMENDED) | --none-- | | Jennifer Estevez court user |
| 3 | 01/23/2026 | AFFIRMATION/AFFIDAVIT OF SERVICE | --none-- | | Andrew F Quijano |
| 4 | 01/23/2026 | RJI -RE: REQUEST FOR PRELIMINARY CONFERENCE | --none-- | | Andrew F Quijano |

### Assigned Judge Information:

| Judge Name | Assigned Date | End Date |
|---|---|---|
| Alomar, Hon Karina E. | 01/23/2026 | |

FILED: QUEENS COUNTY CLERK 02/06/2026 01:00 AM INDEX NO. 734580/2025
NYSCEF DOC. NO. 5 RECEIVED NYSCEF: 02/06/2026

Case 1:26-cv-00660-AH-RML Document 1-5 Filed 02/05/26 Page 1 of 3 PageID #: 87

# EXHIBIT E

Case 1:26-cv-00660-AH-RML Document 1-5 Filed 02/05/26 Page 1 of 3 PageID #: 87

ACTIVE 718635341v1

Case 1:26-cv-00664-FB Document 1 Filed 02/05/26 Page 2 of 3 PageID #: 88

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

|  |  |
|---|---|
| ANDREW QUIJANO,<br><br>          Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC<br><br>          Defendant. | Case No.<br>Index No. 734580/2025<br><br>**NOTICE OF FILING<br><u>NOTICE OF REMOVAL</u>** |

TO: THE JUDGES FOR THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

**PLEASE TAKE NOTICE**, that Defendant Amazon.com Services, LLC filed a "Notice of Removal" in the above-captioned action from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal and this Notice of Filing of Notice of Removal effects the removal of this action to the United States District Court for the Eastern District of New York, and this action shall proceed in this Court no further unless and until the case is remanded. A copy of the Notice of Removal, with attachments, is attached hereto as **Exhibit A.**

Dated: February 5, 2026

                                  **GREENBERG TRAURIG, LLP**

              By:    */s/ Shira M. Poliak*
                   Jason Burns, Esq.
                   Shira Poliak, Esq.
                   One Vanderbilt Avenue

ACTIVE 718635341v1

Case 1:26-cv-00660-AH-RML   Document 5   Filed 02/05/26   Page 3 of 3 PageID #: 89

New York, NY 10017
Tel: (212) 801-9294
Jason.Burns@gtlaw.com
Shira.Poliak@gtlaw.com

*Attorneys for Defendant*
*Amazon.com Services LLC*

ACTIVE 718635341v1

Case 1:26-cv-00660-H-RW Document 1-6 Filed 02/05/26 Page 1 of 2 PageID #: 90

# EXHIBIT F

Case 1:26-cv-00660-H-RW Document 1-6 Filed 02/05/26 Page 1 of 2 PageID

FILED: QUEENS COUNTY CLERK 02/06/2026 01:40 PM INDEX NO. 734580/2025
NYSCEF DOC. NO. Case 1:26-cv-00660-KAM Document 1 Filed 01/26/26 Page 2 of 2 PageID RECEIVED NYSCEF: 02/06/2026
#: 91

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS

FILED ON: 11/21/2025   INDEX NO.: 734580/2025

ANDREW QUIJANO

Plaintiff(s)-Petitioner(s)

-vs-

AMAZON

Defendant(s)-Respondent(s)

I, MARK E. MCCLOSKY   the undersigned, affirm that I was at the time of service over the age of eighteen years and not a party in this proceeding. I reside in the State of New York.

On JANUARY 6, 2026   at 11:00 A.M.
Deponent served two true copies of **SUMMONS AND COMPLAINT FILED 11/17/2025, AMENDED COMPLAINT FILED 11/21/2025,**

bearing index number: 734580/2025   and date of filing: 11/21/2025
upon **AMAZON.COM SERVICES LLC S/H/A AMAZON**
at address: **C/O SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12231-0001**

<u>MANNER OF SERVICE}</u>

*Personal*

☐ By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*

☐ By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*

☒ By delivering and leaving 2 copies with} **TAHIM HAFIZ, OA1**
the agent for service on the person in this proceeding designated under Rule 303 LLC   and tendering the required fee.
Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*

☐ By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above. Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the following dates and times:

*Mailing*

☐ Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential" and mailed to the person stated above at address
on   . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action against the recipient. The envelope was mailed by __ first class mail __ certified mail __ registered mail __ return receipt requested.
Certified or registered number:

<u>DESCRIPTION}</u> deponent describes the person actually served as:
Perceived Gender: MALE   Perceived Race: BLACK   Hair Color: BLACK
Approximate Age: 60   years   Approximate Height: 5'10"   Approximate Weight: 165   pounds
Other:

I affirm on __JANUARY 6, 2026__   , under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Attorney:
ALPHA LAW LLC
37-12 Prince Street, Suite 11A
Flushing, NY 11354
(646) 885-7528

affidavit #: 313805

NLS#: 25-9523

MARK E. MCCLOSKY

FIRM FILE # 11689543

Case 1:26-cv-00660-H-FDW Document 7 Filed 02/06/26 Page 1 of 3 PageID #: 92

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Andrew Quijano

**DEFENDANTS**
Amazon.com Services LLC

**(b)** County of Residence of First Listed Plaintiff   Queens County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   New Castle
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
Shira Poliak, Greenberg Traurig LLP, One Vanderbilt Avenue New York, NY 10017, 212-801-9200

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [ ] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [x] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [x] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee * | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | |
| | / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

---

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

* Please respond to Part F on Page 2

**PAGE ONE OF TWO - PLEASE CONTINUE TO PAGE TWO**

## PART A - CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration  No

I, _____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- [ ]  monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,

- [ ]  the complaint seeks injunctive relief, or

- [ ]  the matter is otherwise ineligible for the following reason:

## PART B - DISCLOSURE STATEMENT - FEDERAL RULES of CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

## PART C - RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## PART D - NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you* **must select Office Code 2**.

1.  Is the action being removed from a state court that is located in Nassau or Suffolk County?  No

2.  In actions not involving real property, is the action being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County?  No

3.  If you answered "No" to all parts of Questions 1 and 2:
    a.  Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County?  No
    b.  Do the majority of defendants reside in Nassau or Suffolk County?  No
    c.  Is a substantial amount of any property at issue located in Nassau or Suffolk County?  No

4.  If this is a Fair Debt Collection PracticeAct case, was the offending communication received in either Nassau or Suffolk County?  No
    (*Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts*).

## PART E - BAR ADMISSION

**1.** I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.  Yes

If you answered No to E(1), please see instructions and Local Civ. R. 1.3.

2. Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?  No  If yes, please explain:

## PART F - IMMIGRATION HABEAS

1.  Is this petition based on an immigration detention?  No    2. Does this case require immediate attention of a judge?  No

Check Form to Validate Before Signing

If you answered Yes in Part F, and are filing this action after business hours, please see instructions here: https://www.nyed.uscourts.gov/emergency-applications-filed-after-business-hours.

I certify the accuracy of all information provided above.

**Signature**: /s/ Shira M. Poliak _____  Date:_____

Revised 12.10.2025; Effective 12.10.2025

PAGE TWO OF TWO

JS 44 Reverse Rev. 04/21/2023

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**Page One Instructions**

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Page Two Instructions**

A.      Certification of Arbitration Eligibility: Indicate whether the case is eligible for arbitration under Local Civil Rule 83.7. If you answer No, please check at least one of the reasons that the case is not eligible.

B.      Disclosure Statement - Federal Rules of Civil Procedure 7.1: If additional space is needed, please add the parties on an additional page.

C.      Related Case Statement: If additional space is needed, please add the parties on an additional page.

D.      Division of Business Rule 1(d)(3): Your answers in this section will determine whether your case will be designated as a Central Islip or Brooklyn case. Failure to complete this section may result in a delay assigning your case to a judge. Anwer all four (4) questions in this part, including 3(a), 3(b), and 3(c).

E.      Bar Admission: Answer both questions.

F.      Immigration Habeas: Answer both questions.

**Click "Check Form to Validate Before Signing." If any required fields have not been completed, please do so before signing.**

**Date and Attorney Signature.** Date and sign the civil cover sheet.      39 of 42

Case Case 1:26-cv-00662-RM Document 2 Filed 02/06/26 Page 1 of 3 Page ID #: 95

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW QUIJANO, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON.COM, INC., et al., <br><br> Defendants. | CIVIL ACTION NO.: _____ |

## **CORPORATE DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1**

Pursuant to Federal Rule of Civil Procedure 7.1(a), Defendant Amazon.com Services LLC (incorrectly named as Amazon.com, Inc.), by and through its counsel, hereby states that Amazon.com Sales, Inc. is the only member of Amazon.com Services LLC (formerly, Amazon.com Services, Inc.). Amazon.com Sales, Inc. is a wholly owned subsidiary of parent company Amazon.com, Inc. Amazon.com, Inc. has no parent company, and no other publicly held company owns 10% or more of Amazon.com, Inc.'s stock.

Dated: February 5, 2026

Respectfully submitted,

**GREENBERG TRAURIG, LLP**


*/s/ Shira M. Poliak* _____
Jason D. Burns, Esq.
One Vanderbilt Avenue
New York, New York
(212)-801-9294
Jason.Burns@gtlaw.com
Shira Poliak, Esq.
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9374
Shira.Poliak@gtlaw.com

ACTIVE 718803361v1

Case 1:26-cv-00660-CBA-RML Document 2 Filed 02/06/26 Page 2 of 3 PageID #: 96

*Attorneys for Amazon.com Services, LLC*

ACTIVE 718803361v1

CaseCase 1:26-cv-00620054i-RMDocumenDocumenFied 02/16/2627/Page 3 6fa3e46dD43 PageID #: 97

## CERTIFICATE OF SERVICE

I, Shira M. Poliak, attorney for Amazon.com Services LLC hereby certify that I served a true and correct copy of Defendant's Corporate Disclosure Statement Pursuant to Fed. R. Civ. P. 7.1, upon counsel of record via the Court's electronic filing system on the 5th day of February 2026.

/s/ Shira M. Poliak
Shira M. Poliak

ACTIVE 718803361v1