

## UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

---

Andrew Quijano, Plaintiff, -against- AMAZON.COM SERVICES LLC, Defendant

Case No.: 1:26-cv-00664

---

## LETTER MOTION TO STAY BRIEFING PENDING THRESHOLD JURISDICTIONAL DETERMINATION

Dear Honorary Judge Hall,

I am the Plaintiff, pro se. I respectfully submit this letter motion to stay the briefing schedule for Defendant's Motion to Dismiss/Answer that is due on February 26, 2026, until the Court resolves my pending Motion to Remand (ECF No. 09).

**I. Jurisdiction is a Threshold Inquiry.** Federal courts must satisfy themselves of their subject-matter jurisdiction before addressing the merits of any case. As the Supreme Court held in **Steel Co. v. Citizens for a Better Env't**, 523 U.S. 83, 94 (1998), **"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."**.

My Motion to Remand identifies three threshold defects that suggest this Court lacks jurisdiction:

1.  **Procedural Untimeliness:** Defendant failed to **strictly** comply with **28 U.S.C. § 1446(d)** by failing to provide notice to the State Court until 1:00 AM on the 31st day, outside the mandatory statutory window.
2.  **Improper Venue:** The parties' General Release contains a Forum Selection Clause designating "New York County, New York" as the exclusive venue. Because the Eastern District of New York does not sit in New York County, removal to this District is improper under the Second Circuit's holding in **Yakin v. Tyler Hill Corp.**, 566 F.3d 72 (2d Cir. 2009).
3.  **Defective Allegations of Diversity:** In its Notice of Removal, Defendant conflated "residence" with "domicile," a fatal error regarding the requirements for Diversity Jurisdiction.

**II. Judicial Economy Favors a Stay** Briefing a Motion to Dismiss before the Court has confirmed its jurisdiction would result in an inefficient use of judicial resources. In **Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.**, 549 U.S. 422, 430-31 (2007), the Court noted that **"[j]urisdiction is vital only if the court proposes to issue a judgment on the merits."** If this case is remanded, any ruling on the merits by this Court would be a nullity. Staying the merits-based briefing prevents the "unnecessary expenditure of judicial resources" and avoids the risk of inconsistent rulings between state and federal forums.

**III. Request for Relief** I reached out to Defendant's counsel on February 17, 2026, to request a stay by consent. As shown in the email attached as **Exhibit A**, Defendant's counsel stated that **"Amazon does not consent to a stay... [and] sees no reason for Plaintiff's Motion to Remand to affect the timing."** While I am sympathetic to the fact that this refusal forces Defendant's own counsel to juggle three overlapping deadlines in immediate succession (February 25 for Remand Opposition, February 26 for the MTD or Answer, and now the response to this Stay Motion), I must prioritize judicial economy to prevent an unnecessary expenditure of this Court's time and resources on a potentially moot Motion to Dismiss. I respectfully request a stay until the jurisdictional question is settled.

I declare under penalty of perjury that the foregoing is true and correct, and that Exhibit A is a true and correct copy of the email correspondence received from Defendant's counsel on February 17, 2026

Respectfully submitted,

*Andrew Quijano*    2/19/2026
Andrew Quijano

# EXHIBIT A

 **NYU**

Andrew Quijano <afq2003@nyu.edu>

---

## Meet and Confer: Stay of MTD Briefing (Case No. 1:26-cv-00664)
4 messages

---

**Andrew Quijano** <afq2003@nyu.edu>

Tue, Feb 17, 2026 at 8:00 AM

To: Jason.Burns@gtlaw.com
Cc: Shira.Poliak@gtlaw.com

Hello Mr. Burns and Ms. Poliak,

I am writing to meet and confer regarding a proposed stay of the briefing schedule for Defendant's forthcoming Motion to Dismiss, currently due February 26, 2026.

Because Plaintiff's Motion to Remand (ECF No. 9) raises threshold jurisdictional issues that may resolve whether this Court may proceed at all, it would promote judicial economy to stay briefing on the Motion to Dismiss until the remand motion is decided. Proceeding with merits briefing while jurisdiction remains in dispute risks unnecessary expenditure of party and judicial resources.

Please let me know whether Amazon consents to a stay of the MTD briefing pending resolution of the Motion to Remand. I would appreciate your position by 5:00 PM on February 18 so that I may inform the Court.

--

Sincerely,

Andrew Quijano
NYU Tandon School of Engineering | PhD '27
NYU Email Address
917-224-2122

---

**Shira.Poliak@gtlaw.com** <Shira.Poliak@gtlaw.com>

Tue, Feb 17, 2026 at 9:04 PM

To: afq2003@nyu.edu, Jason.Burns@gtlaw.com

Hi Mr. Quijano,

Thank you for your email. Amazon does not consent to a stay of its deadline to answer or move to dismiss. Amazon would like to proceed and sees no reason for Plaintiff's Motion to Remand to affect the timing by which Amazon moves to dismiss or answers the Complaint.

If you would like to discuss this further, I am available to speak tomorrow at 2 pm or 4 pm ET.

Thank you,

Shira

---

Case 1:26-cv-00664-LDH-RML   Document 11   Filed 02/19/26   Page 5 of 6 PageID #: 117

**From:** Andrew Quijano <afq2003@nyu.edu>
**Sent:** Tuesday, February 17, 2026 8:00 AM
**To:** Burns, Jason (Shld-NY-Labor-EmpLaw) <Jason.Burns@gtlaw.com>
**Cc:** Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>
**Subject:** Meet and Confer: Stay of MTD Briefing (Case No. 1:26-cv-00664)


**\*EXTERNAL TO GT\***

[Quoted text hidden]

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

---

**Andrew Quijano** <afq2003@nyu.edu>                              Wed, Feb 18, 2026 at 1:04 PM
To: Jason.Burns@gtlaw.com, Shira.Poliak@gtlaw.com

Hello Ms. Poliak,

Thank you for the response and the offer to speak today.

In the interest of maintaining a clear and objective record for the Court, I believe our email exchange sufficiently captures our respective positions. Amazon has clearly stated it does not consent to a stay, and my position remains that judicial economy favors staying the merits-based briefing until the jurisdictional issue of Remand is resolved first.

Notably, with Amazon facing back-to-back deadlines on February 25 (Remand Opposition) and February 26 (MTD/Answer), a stay would serve the interests of all parties and the Court by streamlining these proceedings.

As we are at a firm impasse, I will proceed with a Letter Motion for a Stay by Friday EOD and will provide counsel with a courtesy copy via e-mail.

[Quoted text hidden]
--
Thanks,

Andrew Quijano

---

**Shira.Poliak@gtlaw.com** <Shira.Poliak@gtlaw.com>                Wed, Feb 18, 2026 at 1:42 PM
To: afq2003@nyu.edu, Jason.Burns@gtlaw.com

Thank you.

---

**From:** Andrew Quijano <afq2003@nyu.edu>
**Sent:** Wednesday, February 18, 2026 1:04 PM
**To:** Burns, Jason (Shld-NY-Labor-EmpLaw) <Jason.Burns@gtlaw.com>; Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>
**Subject:** Re: Meet and Confer: Stay of MTD Briefing (Case No. 1:26-cv-00664)

[Quoted text hidden]

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

Andrew Quijano, Plaintiff -against- AMAZON.COM SERVICES LLC, Defendant

Case No.: 1:26-cv-00664

AFFIDAVIT OF SERVICE

I, **Andrew Quijano**, declare under penalty of perjury that on **February 19, 2026**, I served a copy of the **Letter Motion to Stay Briefing Pending Threshold Jurisdictional Determination** upon the following counsel of record via electronic mail:

**Jason Burns**

jason.burns@gtlaw.com

Greenberg Traurig, LLP

One Vanderbilt Avenue, New York, NY 10017

*Counsel for Defendant Amazon.com Services LLC*

**Shira Poliak**

shira.poliak@gtlaw.com

Greenberg Traurig, LLP

One Vanderbilt Avenue, New York, NY 10017

*Counsel for Defendant Amazon.com Services LLC*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 19, 2026

**Andrew Quijano** Plaintiff *pro se*

54-29 69th Lane Maspeth, NY, 11378

917-224-2122

andrew.quijano@nyu.edu