UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ANDREW QUIJANO,<br><br>                    Plaintiff,<br>v.<br><br>AMAZON.COM SERVICES LLC<br><br>                    Defendant. | Case No.: 1-26-cv-00664 |

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
## <u>PLAINTIFF'S MOTION TO REMAND</u>

**TABLE OF CONTENTS**

I.      PROCEDURAL BACKGROUND.................................................................................. 1

II.     LEGAL STANDARD................................................................................................ 1

III.    LEGAL ARGUMENT............................................................................................ 2

        A.     The Court has Subject Matter Jurisdiction Over This Action................................ 2
        B.     The Severance Agreement's Forum Selection Clause Does Not Render
              Removal to this Court Improper. ................................................................. 4
        C.     Quijano's Procedural Challenges Have No Merit. ................................................ 5
        D.     New York Law and Policy Considerations Do Not Warrant Remand. .................. 6

IV.    CONCLUSION..................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Angel v. Bullington*,
 330 U.S. 183 (1947)..................................................................................................6

*Balkanli v. Pub. Storage*,
 No. 18-2919, 2018 WL 3029042 (E.D.N.Y. June 18, 2018).....................................2

*Begley v. Maho Bay Camps, Inc.*,
 850 F.Supp. 172 (E.D.N.Y. Apr. 12, 1994) .............................................................6

*Citibank, N.A. v. Swiatkoski*,
 395 F.Supp.2d 5 (E.D.N.Y. 2005) ............................................................................1

*Palazzo ex rel. Delmage v. Corio*,
 232 F.3d 38 (2d Cir. 2000)........................................................................................3

*Favors v. Coughlin*,
 877 F.2d 219 (2d Cir. 1989)......................................................................................5

*Galu v. Attias*,
 923 F.Supp. 590 (S.D.N.Y. Apr. 30, 1996) .............................................................2

*Leveraged Leasing Admin Corp. v. PacificCorp Cap., Inc.*,
 87 F.3d 44 (2d Cir. 1996)..........................................................................................4

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*,
 No. 1:00-1898, 2006 WL 1004725 (S.D.N.Y. Apr. 17, 2006) .................................2

*Moltner v. Starbucks Coffee Co.*,
 624 F.3d 34 (2d Cir. 2010)........................................................................................5

*R.G. Barry Corp. v. Mushroom Makers, Inc.*,
 612 F.2d 651 (2d Cir. 1979)......................................................................................2

*Scheibler v. Highmark Blue Shield*,
 243 F. App'x 691 (3d Cir. 2007)...............................................................................5

*School Dist. of City of Niagara Falls, New York v. CrossPointe, LLC*,
 No. 08-20, 2008 WL 11362069 (W.D.N.Y. Mar. 12, 2008) ....................................4

*Scully v. Chase Bank USA, NA*,
 No. 16-325, 2016 WL 2977270 (E.D.N.Y. May 20, 2016)...................................2, 3

*Unity Creations, Inc. v. Trafcon Indus., Inc.*,
 137 F. Supp. 2d 108 (E.D.N.Y. 2001) ......................................................................4

**Federal Statutes**

28 U.S.C. § 112(c) ............................................................................................................4

28 U.S.C. § 1441................................................................................................................2

28 U.S.C. § 1441(a) ............................................................................................................2

28 U.S.C. § 1446(d) ...........................................................................................................5

**Regulations**

N.Y. Comp. Codes R. & Regs. Tit. 22 § 128.4...........................................................2, 3

The Court should deny the motion to remand filed by Plaintiff Andrew Quijano ("Quijano" or "Plaintiff") for multiple reasons. First, this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. Second, Quijano waived any claims of improper venue by initially filing this action in Queens County. Third, Defendant Amazon.com Services LLC ("Amazon") followed the proper removal procedure. Fourth, Quijano's belief that state court is a more appropriate forum to hear his New York defamation and retaliations claims has no bearing on whether this action should be remanded.

## I.    PROCEDURAL BACKGROUND

Quijano commenced this pro se action against Amazon on or about November 17, 2025, in the Supreme Court of the State of New York, County of Queens. ECF No. 1-2. Five days later, on November 21, 2025, Quijano filed an Amended Complaint. ECF No. 1-3 ("Am. Compl."). Quijano alleges that he "is an individual residing in the County of Queens, State of New York." *Id.*, ¶ 1. Quijano claims that Amazon defamed him by including allegedly "false and defamatory words" in a final written warning. *Id.*, ¶¶ 9-15. Quijano also claims that Amazon retaliated against him for performing jury duty. *Id.*, ¶¶ 17-27.

On or about January 6, 2026, Quijano served the Summons, Complaint, and Amended Complaint through the New York Secretary of State. ECF Nos. 1-1, 1-6. Amazon timely removed to this Court on February 5, 2026, ECF No. 1, and Quijano filed the instant motion on February 11, 2026. ECF No. 9 ("Mot.").

## II.    LEGAL STANDARD

Generally, a case may be removed from state court to federal court "if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." *Citibank, N.A. v. Swiatkoski,* 395 F.Supp.2d 5, 8 (E.D.N.Y. 2005) (citing

28 U.S.C. § 1441(a)); *see also* 28 U.S.C. § 1441. "When a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.,* No. 1:00-1898, 2006 WL 1004725, at *2 (S.D.N.Y. Apr. 17, 2006) (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir. 1979)).

### III.   LEGAL ARGUMENT

#### A.  The Court has Subject Matter Jurisdiction Over This Action

As set forth in Amazon's Notice of Removal, this Court has subject matter jurisdiction over this action because the prerequisites for diversity jurisdiction are satisfied. ECF No. 1. The parties are diverse. Amazon is a citizen of Washington and Delaware and, based on the allegations in the Amended Complaint, Quijano is a citizen of New York. *Id*. at 3-4. The amount in controversy exceeds $75,000, a point which Quijano does not dispute. *Id*.

Quijano raises one argument to claim that Amazon has not established diversity jurisdiction. Quijano does not dispute that he resides in New York. He contends, however, that Amazon must prove "Plaintiff's *intent* to remain in New York indefinitely" by offering "facts, affidavits, or evidence." *See* Mot. at III(G). Quijano is mistaken. For purposes of diversity jurisdiction, a party's citizenship is determined by their domicile. *Galu v. Attias*, 923 F.Supp. 590, 595 (S.D.N.Y. Apr. 30, 1996). "An individual's residence at the commencement of the lawsuit is *prima facie* evidence of his domicile." *Balkanli v. Pub. Storage*, No. 18-2919, 2018 WL 3029042, at *3 (E.D.N.Y. June 18, 2018) (citations omitted).

Quinjano "resides in New York"; "[w]ithout information on whether Plaintiff is domiciled elsewhere, he is considered a citizen of New York for diversity purposes." *See Scully v. Chase Bank USA, NA*, No. 16-325, 2016 WL 2977270, at *3 (E.D.N.Y. May 20, 2016). Quijano offers no evidence or argument suggesting that he is domiciled anywhere other than New York. Nor does

he argue that he is a citizen of either Delaware or Washington, the only two states which would defeat diversity jurisdiction.

The record before the Court confirms that Quijano is domiciled in New York. Quijano's motion again admits that "he resides in Queens." *See* Mot. at II(A). Quijano, moreover, alleges that he was scheduled "to perform mandatory jury service in Queens County Criminal Court" from January 9, 2025, to January 22, 2025. Am. Compl., ¶ 5. In New York, a juror can only serve in the county or municipality of their residence, which is "a fixed permanent and principal home within that county or municipality to which such person, wherever temporarily located, always intends to return." N.Y. Comp. Codes R. & Regs. Tit. 22 § 128.4 ("Residence"). This standard closely tracks the standard for citizenship/domicile set forth in the authority cited by Quijano. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'") (citations omitted). Amazon's records also show that Quijano was born in New York and has maintained the same address in New York since at least 2022. Panta Decl., ¶¶ 3-4.

Under these circumstances, Amazon has established that Quijano is a citizen of New York for purposes of establishing diversity jurisdiction. *See, e.g.*, *Palazzo*, 232 F.3d at 42 (recognizing that "[d]omicile is established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change"); *Scully*, 2016 WL 2977270, at *3 (holding that plaintiff's allegation that they resided in New York City, combined with plaintiff's failure to provide

3

information establishing domicile elsewhere, was sufficient to establish plaintiff's New York citizenship for diversity purposes).[1]

### B. The Severance Agreement's Forum Selection Clause Does Not Render Removal to this Court Improper.

Following the termination of his employment at Amazon, Quijano executed a severance agreement and release (the "Agreement") that includes a forum selection clause. Ex. A. That clause requires that "any disputes arising under this Agreement shall be brought in a court of competent jurisdiction within New York County, New York." Mot. at III(A). Now, Quijano argues that it was somehow improper for Amazon to remove his Queens County action to this Court in light of that clause. *Id*. He is wrong for several reasons.

First, Quijano waived any right to enforce the forum selection clause in this case by filing his suit in Queens County. *See Unity Creations, Inc. v. Trafcon Indus., Inc.*, 137 F. Supp. 2d 108, 111 (E.D.N.Y. 2001) (holding that party waives right to enforce forum selection clause by pursuing claims in different forum); *see also School Dist. of City of Niagara Falls, New York v. CrossPointe, LLC*, No. 08-20, 2008 WL 11362069, at *2 (W.D.N.Y. Mar. 12, 2008) ("Because plaintiff did not commence this action in Ulster County, as required by the contract, it may not rely upon the contract as a basis for remand."). Second, Amazon properly removed this case to the U.S. District Court for the Eastern District of New York because it is the District Court embracing Queens County Supreme Court. 28 U.S.C. § 112(c). Third, Amazon intends to promptly seek to transfer

---

[1] *Leveraged Leasing Admin Corp. v. PacificCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996), a case cited by Quijano, does not lead to a different conclusion. There, the *defendant* challenged whether the plaintiffs had proved diversity by alleging their residency. *Id.* Here, in contrast, Amazon agrees that diversity exists based on Quijano's allegations about his residency and he has not offered any facts to rebut this *prima facie* evidence of domicile.

this action to the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

### C. Quijano's Procedural Challenges Have No Merit.

Quijano incorrectly argues that Amazon's removal is untimely. *See* Mot. at II(B). To begin, because the amount in controversy is not apparent on the face on any pleadings served on Amazon, the 30-day removal clock never started to run. *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) ("[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."). Even if the clock had started, Amazon's removal is timely. On January 6, 2026, Quijano served the Summons, Complaint, and Amended Complaint through the New York Secretary of State. ECF Nos. 1-1, 1-6. According to the Court's electronic filing system, Amazon filed the Notice of Removal at 11:45 P.M. on February 5, 2026, within the 30-day deadline. *See* Ex. B. To the extent Quijano objects because Amazon filed the Notice of Filing of Removal in state court on February 6, 2026 at 1:00 am, he is mistaken. Amazon complied with the removal statute by promptly filing the state court notice. 28 U.S.C. § 1446(d).

Quijano's argument about the Civil Cover Sheet filed in this case is irrelevant. *See* Mot. at II(h). It is well settled that this administrative form has no bearing on removal. "The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers." *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989); *see Scheibler v. Highmark Blue Shield*, 243 F. App'x 691, 694 n.3 (3d Cir. 2007) (declining to consider any "defects in the civil cover sheet the [d]efendants filed with the Notice of Removal" in determining whether the notice of removal was proper because the civil cover sheet is not generally considered part of the pleadings). In any event, Quijano's objections are misplaced. He argues that Amazon mischaracterized his claims by "entirely omitting the employment and labor

5

law components of this action" and "select[ing] only Code 320 (Assault, Libel, & Slander)" in the JS 44 Civil Cover Sheet. *See* Mot. at II(h). Amazon, however, did not mischaracterize Quijano's allegations. The Court's form only allows defendants to mark *one* cause of action when filling out the Civil Cover Sheet. *See* ECF No. 1-7.

Accordingly, Amazon timely and properly removed Quijano's Queens County action to this Court.

### D.  New York Law and Policy Considerations Do Not Warrant Remand.

Quijano argues that policy considerations dictate that this dispute should be heard in state court. He argues, for example, that New York State has a strong interest "in protecting whistleblowers from federal interference" and "protecting the integrity of its jurors." Mot. at II(B), III(C). Quijano also claims that this case should be heard in state court because it involves the interpretation of state law. *See* Mot. at II(A), II(B), II(C), III(C), III(D), III(E), and III(F).

Quijano's arguments are unavailing. "The essence of diversity jurisdiction is that a federal court enforces State law and State policy." *Angel v. Bullington*, 330 U.S. 183, 191 (1947). State law policy considerations are not considered when a defendant removes a case to federal court, and "a motion to remand a case may only be made on the basis of a defect in removal procedure or a lack of subject matter jurisdiction." *Begley v. Maho Bay Camps, Inc.*, 850 F.Supp. 172, 175 (E.D.N.Y. Apr. 12, 1994) (rejecting plaintiff's argument that action should be remanded to state court when state court has jurisdiction over the matter). As described above and in Amazon's Notice of Removal, Amazon has established federal diversity jurisdiction. Quijano's state law policy arguments have no bearing on whether this matter should remain in federal court.

6

## IV.    CONCLUSION

Amazon respectfully requests that the Court deny Quijano's Motion to Remand and grant any and all further relief that the Court deems just and proper.

Dated:  February 25, 2026

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

Jason D. Burns
Shira M. Poliak
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
jason.burns@gtlaw.com
Shira.poliak@gtlaw.com
T: (212) 801- 9374
*Attorneys for Defendant*

7

## <u>CERTIFICATE OF SERVICE</u>

I, Shira M. Poliak, hereby certify that on February 26, 2026, I caused a true and correct copy of the foregoing brief to be served by way of U.S. Mail on Plaintiff Andrew Quijano, *pro se*, at 54-29 69th Lane, Maspeth, NY, 11378.

I, Shira M. Poliak, hereby certify that on February 25, 2026, I caused a true and correct copy of the foregoing brief to be served by electronic mail.

*/s/ Shira M. Poliak*
Shira M. Poliak