GreenbergTraurig

Jason D. Burns
Tel 212-801-9294
jason.burns@gtlaw.com

March 4, 2026

**<u>VIA ECF</u>**
Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

Re:     *Quijano v. Amazon.com Services LLC*, 1:26-cv-00664
        Request for Pre-Motion Conference

Dear Judge DeArcy Hall:

We represent Amazon.com Services LLC ("Amazon" or "Defendant") in the above-referenced matter. Pursuant to Your Honor's Rules and Procedures, we write to request a pre-motion conference prior to filing a motion to transfer venue to the U.S. District Court for the Southern District of New York under 28 U.S.C. § 1404(a).

Plaintiff Andrew Quijano ("Plaintiff" or "Quijano") was employed by Amazon as an engineer for three years until his termination in 2025. He alleges claims against Amazon for defamation and retaliation related to his alleged jury service. Am. Compl., ECF No. 1-3, ¶¶ 9-12, 19, 25-27.

Amazon seeks to transfer this case to the Southern District of New York under 28 U.S.C. § 1404(a). Following the termination of his employment at Amazon, Quijano executed a severance agreement and release (the "Agreement") that includes a forum selection clause. ECF No. 14-1 at 4. That clause requires that "any disputes arising under this Agreement shall be brought in a court of competent jurisdiction within New York County, New York." *Id*. The Southern District of New York encompasses New York County. 28 U.S.C. § 112(b). Quijano admits that he executed the Agreement. ECF No. 9 at ¶ III(A). Regardless of the outcome, once the Court decides Amazon's transfer request, Amazon intends to promptly move for judgment on the pleadings to dismiss Quijano's action based on the Agreement's release.

A forum selection clause "may be enforced through a motion to transfer under [28 U.S.C.] § 1404(a)," which "permits transfer to any district where venue is also proper . . . or to any district to which the parties have agreed by contract or stipulation." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 59 (2013); *see also* 28 U.S.C. § 1404(a). "[W]hen a contract contains a forum selection clause, . . . the forum selection clause 'represents the parties' agreement as to the most proper forum' and 'should be given controlling weight in all but the most exceptional cases.'" *Espire Ads LLC v. TAPP Influencers Corp.*, 655 F.Supp.3d 223, 246 (S.D.N.Y. 2023) (quoting *Atlantic*, 571 U.S. at 51). When a contract includes a forum selection clause, the court may only consider public-interest factors against transferring venue, such as

**GT** GreenbergTraurig

"administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law," which will rarely defeat a transfer motion. *Espire Ads LLC*, 655 F. Supp.3d at 246-47.

The forum selection clause in Quijano's Agreement is enforceable. First, the clause was reasonably communicated to Quijano as it appears in the main body of his signed Agreement and includes clear and unambiguous language. *Speedfit LLC v. Woodway USA, Inc.*, 642 F.Supp.3d 429, 444 (S.D.N.Y. 2022) (granting motion to transfer venue based on forum selection clause in settlement agreement); ECF No. 14-1 at 4. Second, the clause is mandatory and states that "any disputes arising under this Agreement *shall* be" brought in a court in New York County. ECF No. 14-1 at 4 (emphasis added); *Speedfit LLC*, 642 F.Supp.3d at 444. Third, Quijano's claims fall within the scope of the clause as the Agreement covers "damages arising out of any common law torts…any theory of wrongful discharge, any theory of negligence, any theory of retaliation, [and] any theory of discrimination or harassment in any form." ECF No. 14-1 at 3; *Speedfit LLC*, 642 F.Supp.3d at 444. Lastly, Quijano cannot show that enforcement of the forum selection clause would be "unreasonable or unjust" or that the "clause [is] invalid" or fraudulent. *Id*. at 444-45. No public interest factors suggest that the matter should be heard in this Court rather than the U.S. District Court for the Southern District of New York, and both courts regularly apply New York law. Accordingly, under the terms of the forum selection clause in the parties' Agreement, Amazon seeks to transfer this action to the U.S. District Court for the Southern District of New York. Regardless of the outcome, once the Court decides Amazon's transfer request, Amazon intends to promptly move for judgment on the pleadings to dismiss Quijano's action based on the Agreement's release.

Respectfully submitted,

Jason D. Burns

*Cc: Plaintiff Andrew Quijano via electronic and certified mail*