**Declaration of Andrew Quijano**

I, Andrew Quijano, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

Exhibit A is a true and correct copy of various screenshots of the Plaintiff attempting to find his release again in his A2Z application on March 29, 2026, around 10:30 PM New York time. The Plaintiff welcomes an OSC to test A2Z before the Court to confirm whether the release is no longer accessible via the A2Z application. If the Plaintiff indeed made a mistake, he is open to retracting his statements in Section II.

Exhibit B is a true and correct copy of the non-compete agreement signed with Amazon on July 11, 2022. The copy was obtained long before A2Z seems to have now hidden the agreement.

Exhibit C is a PDF export of the Amazon General Counsel Form 144, with intent to sell stock, shortly after the Queens DA call and just as this jury-retaliation case was becoming a potentially massive legal liability.

https://www.sec.gov/Archives/edgar/data/1018724/000195917326001392/xsl144X01/primary_doc.xml

Exhibit D is a true and correct copy of the article "Amazon tells bosses to conceal when employees are on a performance management plan" by Katherine Anne Long, Seattle Times Business Reporter, discussing the secrecy of the Focus process. The direct link is provided below:

https://www.seattletimes.com/business/amazon/amazon-tells-bosses-to-conceal-when-employees-are-on-a-performance-management-plan/

Exhibit E is a transcription of a voicemail message (718-298-0640) left by Karen Charrington, Counsel to the Queens County Clerk, on September 30, 2025. In this message, Ms. Charrington confirms that the Queens District Attorney's Office forwarded the Plaintiff's report of jury retaliation for further inquiry. While the Plaintiff recognizes that the Court's internal deliberations are generally confidential, this record serves as objective proof that the Defendant's conduct triggered an investigation into Criminal Contempt under NY Judiciary Law § 519. The Plaintiff, as a *pro se* litigant, lacks the subpoena power to compel the internal findings of the Clerk or the DA; however, the Court possesses the inherent authority to verify these communications should it seek to understand the full scope of the Defendant's interference with the New York Jury System.

Here are the raw links for arguments made in Section III, and the sources about the U.S. vs Peizer case:

https://www.sec.gov/newsroom/press-releases/2024-7

https://economictimes.indiatimes.com/markets/stocks/news/2008-like-crisis-ahead-jpmorgan-launches-new-way-to-bet-against-debt-of-microsoft-meta-google-what-this-means/articleshow/129819241.cms

https://www.quinnemanuel.com/the-firm/publications/lead-article-implementing-10b5-1-trading-plans-after-sec-amendments-and-peizer-july-2024/

https://fortune.com/2025/06/24/former-ceo-ontrack-prison-sentence-first-ever-prosecution-insider-trading-stock-sales-10b5-1-rule/

https://www.courtlistener.com/docket/66918384/united-states-v-peizer/

Signature was executed on April 5, 2026:

*Andrew Quijano*

Andrew Quijano