UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ANDREW QUIJANO,<br><br>       PLAINTIFF,<br><br>       v.<br><br>AMAZON,<br><br>       DEFENDANT | Case No. 1-26-cv-00664 |

**DEFENDANT AMAZON.COM SERVICES LLC'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF ANDREW QUIJANO'S MOTION TO STRIKE**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

I.      BACKGROUND ...........................................................................................................1

II.     LEGAL STANDARD.....................................................................................................3

III.    ARGUMENT .................................................................................................................4

        A.      The General Release is Valid and Plaintiff's Motion Should Be Denied................4

                a.      The General Release is enforceable. ........................................... 4
                b.      Plaintiff fails to demonstrate that his NYLL 740 claim cannot be
                        waived. ............................................................................... 5
                c.      Plaintiff's other attempts to invalidate the General Release also
                        fail. .................................................................................... 8

        B.      The Agreement's Acknowledgements Section is Valid. ........................................9
        C.      Plaintiff's Hypothetical Arguments and References to Matters Outside of
                the Pleadings Have No Bearing on This Motion. ................................................12

IV.     CONCLUSION.............................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Delicias Tropical Rest. Inc.*,
No. 20-3224, 2021 WL 7185501 (E.D.N.Y. May 5, 2021) ........................................................8

*Arzu v. City of New York*,
No. 13-5980, 2015 WL 4635602 (S.D.N.Y. Aug. 3, 2015) .......................................................4

*Branker v. Pfizer, Inc.*,
981 F. Supp. 862 (S.D.N.Y. 1997) ..........................................................................................9

*Castro v. United Container Mach. Grp., Inc.*,
96 N.Y.2d 398 (2001) ..............................................................................................................6

*Chafin v. Chafin*,
568 U.S. 165 (2013) ................................................................................................................12

*Coach Inc. v. Kmart Corp.*,
756 F.Supp.2d 421 (S.D.N.Y. 2010) .....................................................................................4, 9

*Collins v. Harrison-Bode*,
303 F.3d 429 (2d Cir. 2002) .....................................................................................................4

*Cornelius v. United Parcel Serv., Inc.*,
No. 11-3206, 2012 WL 975053 (S.D.N.Y. Mar. 21, 2012) ......................................................9

*Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*,
No. 07-9580, 2008 WL 4833001 (S.D.N.Y. Nov. 5, 2008) ......................................................4

*Difilippo v. Barclays Capital, Inc.*,
552 F.Supp.2d 417 (S.D.N.Y. 2008) ....................................................................................8, 9

*Doe v. Columbia University*,
551 F.Supp.3d 433 (S.D.N.Y. Aug. 1, 2021) .........................................................................12

*Douglas v. New York Presbyterian Hosp.*,
No. 15-9473, 2016 WL 7046817 (S.D.N.Y. Dec. 2, 2016) ....................................................11

*Eunhasu Corp. v. NorGuard Ins. Co.*,
No. 19-7696, 2020 WL 5513159 (S.D.N.Y. Sept. 14, 2020) ...................................................4

*Fernandez v. Masterypro Grp.*,
No. 18-4540, 2019 WL 4412804 (S.D.N.Y. Sept. 16, 2019) .................................................12

*G.B. v. Nassau Cnty.*,
751 F.Supp.3d 56 (E.D.N.Y. 2024) ........................................................................................13

*Kainz v. Bernstein*,
841 F. App'x 249 (2d Cir. 2020) ............................................................................................13

*Lee v. Riverbay Corp.*,
751 F.Supp.3d 259 (S.D.N.Y. 2024) ........................................................................................4

*Marquez v. Roberto's Rest. Corp.*,
No. 16-2304, 2017 WL 5468760 (S.D.N.Y. Nov. 13, 2017)......................................................7

*McSweeney v. Cohen*,
776 F.Supp.3d 200 (S.D.N.Y. 2025)..........................................................................................5

*Meyers v. Port Auth. of Trans Hudson (PATH)*,
No. 20-9645, 2023 WL 5509050 (S.D.N.Y. Aug. 25, 2023)......................................................9

*Mills v. Steuben Foods, Inc.*,
No. 19-1178, 2021 WL 4060421 (W.D.N.Y. Sept. 7, 2021).......................................................7

*Ogbolu v. Trustees of Columbia Univ. in City of New York*,
No. 22-419, 2023 WL 2579044 (2d Cir. Mar. 21, 2023)...........................................................5

*Pampillonia v. RJR Nabisco. Inc.*,
138 F.3d 459 (2d Cir. 1998)......................................................................................................4

*Pettway v. Amazon.com Servs. LLC*,
No. 23-1785, 2025 WL 2402633 (M.D. Fla. Aug. 19, 2025) ...............................................8, 11

*Ramiro Aviles v. S & P Glob., Inc.*,
380 F.Supp.3d 221 (S.D.N.Y. 2019).....................................................................................10, 11

*Reddington v. Staten Island Univ. Hosp.*,
11 N.Y.3d 80 (2008) ..................................................................................................................7

*Saborit v. Harlem Hospital Ctr. Auxiliary, Inc.*,
No. 19-4686, 2021 WL 2709411 (S.D.N.Y. July 1, 2021).........................................................5

*Seriof Maritime Corp. v. Glencore Singapore Pte Ltd.*,
No. 22-8012, 2023 WL 6317996 (S.D.N.Y. Sept. 28, 2023) ..................................................10

*Smith v. Amazon.com Servs. LLC*,
No. 21-2260, 2022 WL 179465 (D. Kan. Jan. 20, 2022).........................................................11

*Solis v. 666 Fifth Assoc. LLC*,
No. 20-5105, 2021 WL 5998416 (S.D.N.Y. Dec. 20, 2021) ......................................................7

*Specialty Minerals, Inc. v. Pluess-Staufer AG*,
395 F.Supp.2d 109 (S.D.N.Y. 2005)..........................................................................................4

*Stein v. Skatteforvaltningen*,
No. 23-2508, 2025 WL 2695441 (S.D.N.Y. Sept. 22, 2025) ..................................................10

*Tolle v. PocketSonics, Inc.*,
No. 17-74, 2018 WL 1161142 (W.D. Va. Mar. 5, 2018) ...........................................................9

*Tortomas v. Pall Corp.*,
No. 18-5098, 2020 WL 2933669 (E.D.N.Y. May 31, 2020) ......................................................7

*United States v. Sabhnani*,
599 F.3d 215 (2d Cir. 2010)......................................................................................................6

*Upstate New York Engr's Health Fund v. John F. & John P. Wenzel Contractors, Inc.*,
No. 17-570, 2019 WL 1208230 (N.D.N.Y. Mar. 14, 2019) .....................................................13

*Warden v. E.R. Squibb & Sons, Inc.*,
  840 F. Supp. 203 (E.D.N.Y. 1993) ................................................................5, 6, 7

*WSP USA Corp. v. Marinello*,
  No. 13-4591, 2013 WL 6704885 (S.D.N.Y. Dec. 19, 2013) ....................................10

**Statutes**

28 U.S.C. § 1875................................................................................................9

N.Y. Lab. Law § 740 ..........................................................................................7

N.Y. Lab. Law § 740(7)......................................................................................6

**PRELIMINARY STATEMENT**

Upon his termination from Amazon.com Services LLC ("Amazon"), Plaintiff Andrew Quijano ("Plaintiff") executed a standard Severance Agreement and General Release ("Agreement") in exchange for a generous severance package. The General Release is valid and enforceable under well-established principles. District Courts have, in fact, enforced releases between Amazon and former employees like the one here. Because the General Release in the Agreement bars Plaintiff's claims in this case, Amazon asserted his waiver and release as an affirmative defense. Now, Plaintiff is trying to backpedal and disavow his contractual obligations. Despite expressly relying on the Agreement in this litigation, he argues that the Agreement is not enforceable and that Amazon's second affirmative defense therefore should be stricken. Plaintiff's motion should be denied.

Motions to strike are disfavored, and Plaintiff does not overcome this presumption. He mistakenly argues that the General Release is invalid because it requires him to release supposedly unwaivable rights under New York Labor Law ("NYLL") 740. Plaintiff does not cite any authority supporting his position, which is contrary to decisions from district courts in this Circuit that repeatedly enforce releases of employment-related claims, including claims under NYLL 740. Next, Plaintiff attempts to contort standard settlement language in arguing that the Agreement impedes protected whistleblower activities. His argument, however, overlooks that the Agreement explicitly allows him to engage in protected activity with government regulators. Plaintiff's remaining scattershot arguments fare no better.

## I.      BACKGROUND

Plaintiff was employed as an engineer at Amazon from August 15, 2022 to May 28, 2025. Am. Compl., ECF No. 1-3, ¶ 4. He was enrolled in a PhD program at New York University while employed at Amazon. *See* ECF No. 18 at Ex. A. Plaintiff alleges that Amazon defamed him in

connection with a written warning and retaliated against him in violation of NYLL 740 because he appeared for jury duty. Am. Compl., ¶¶ 9-15, 17-27.

In connection with his separation from Amazon, Plaintiff executed a Separation Agreement on May 28, 2025, which includes a General Release, in exchange for a lump severance payment of $38,612.18. ECF No. 9-5, Ex. B (the "Agreement"). The Recitals section of the Agreement explicitly states that, in exchange for his severance payment, Plaintiff agreed to "waive[] and release[] any and all possible claims against Employer arising in any way out of Employee's employment and the termination of that employment." *Id.*, Recitals, ¶ 4.

The General Release states:

> In consideration of the severance payments and other promises contained herein, Employee expressly waives any and all claims against Employer and, *to the maximum extent permitted by law*, releases Employer . . . from any and all actual or potential actions, claims, causes of action, and damages, known or unknown, on account of or arising out of the Employee's employment relationship with Employer or the termination thereof. It is understood that this release includes, but is not limited to . . . damages of any kind whatsoever, arising out of any common law torts, any contracts, express or implied, any covenant of good faith and fair dealing, express or implied, any theory of wrongful discharge, any theory of negligence, any theory of retaliation, any theory of discrimination or harassment in any form, . . . or any federal, state, or other governmental statute or ordinance, including, without limitation, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, the Equal Pay Act, . . . the Uniformed Services Employment and Reemployment Act of 1994, . . . . or any other statutory or common law limitation or regulation of the employment relationship of state, federal, State or other government law.

*Id.*, ¶ 6 (emphasis added).

In the Acknowledgements and Promise Not to Sue Section of the Agreement, Plaintiff acknowledged:

> (iv) Employee has provided Employer with written notice of any and all concerns regarding suspected ethical and compliance issues or violations on the part of Employer or any released person or entity; . . . (vii) Employee has not filed any complaints, claims, or actions against Employer or any released person or entity. Employee promises not to pursue any claim settled by this Agreement.

*Id.*, ¶ 8.

2

The Exceptions and No Interference with Rights Section of the Agreement provides that "[n]othing in this Agreement is intended to waive Employee's . . . claims that may arise after Employee signs this Agreement or [] which cannot be released by private agreement." *Id.*, ¶ 15. It continues:

> [N]othing in this Agreement or any exhibits thereto, including but not limited to the . . . general release , . . . prevents Employee from filing a charge or complaint with, participating in an investigation or proceeding conducted by, or providing testimony before or confidential information to a self-regulatory authority or a government agency or entity, including the U.S. Equal Employment Opportunity Commission ("EEOC"), National Labor Relations Board, the Department of Justice, the Securities and Exchange Commission, or any other [] federal, state or local agency charged with the enforcement of any laws . . . .

*Id.*

The Severability Section states:

> The provisions of this Agreement are severable, and if any part of it, other than the general release clause set forth in the section of this Agreement titled GENERAL RELEASE is found to be unlawful or unenforceable, the unlawful or unenforceable provision(s) shall be narrowly construed, and the other provisions of this Agreement shall remain fully valid and enforceable to the maximum extent consistent with applicable law.

*Id.*, ¶ 9.

In its Answer, Amazon asserted as its second affirmative defense that "Plaintiff's claims are barred because Plaintiff executed a severance agreement with Amazon, and its general release bars Plaintiff's claims," and attached the Agreement. ECF No. 14 at 4. Plaintiff has moved to strike this affirmative defense. ECF No. 20 (the "Mot.").

## II.     LEGAL STANDARD

"Motions to strike are generally disfavored." *Lee v. Riverbay Corp.*, 751 F.Supp.3d 259, 294 (S.D.N.Y. 2024) (citation omitted). "In order for a court to strike a defense as insufficient: '(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense.'" *Coach Inc. v. Kmart Corp.,* 756 F.Supp.2d 421, 425

3

(S.D.N.Y. 2010) (citing *Specialty Minerals, Inc. v. Pluess-Staufer AG,* 395 F.Supp.2d 109, 111 (S.D.N.Y. 2005)). "[A] motion to strike is not intended to furnish an opportunity for the determination of disputed and substantial questions of law." *Eunhasu Corp. v. NorGuard Ins. Co.*, No. 19-7696, 2020 WL 5513159, at *2 (S.D.N.Y. Sept. 14, 2020) (internal citations omitted). The Rule 12(b)(6) standard applies to motions to strike, and courts "will deem the non-moving party's well-pleaded facts to be admitted, draw all reasonable inferences in the pleader's favor, and resolve all doubts in favor of denying the motion to strike." *Diesel Props S.r.L. v. Greystone Bus. Credit II LLC,* No. 07-9580, 2008 WL 4833001, at *4, (S.D.N.Y. Nov. 5, 2008) (citations omitted).

## III.   ARGUMENT

### A.   The General Release is Valid and Plaintiff's Motion Should Be Denied.

#### a.   The General Release is enforceable.

"[S]ettlement agreements are contracts and must [] be construed according to general principles of contract law." *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (quotation marks and alteration omitted). Under New York law, "a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." *Arzu v. City of New York*, No. 13-5980, 2015 WL 4635602, at *4 (S.D.N.Y. Aug. 3, 2015) (citing *Pampillonia v. RJR Nabisco. Inc.*, 138 F.3d 459, 463 (2d Cir. 1998)). A court may only void a settlement agreement upon "a showing of fraud, collusion, mistake, or duress or when the agreement is unconscionable, contrary to public policy, or ambiguous." *Ogbolu v. Trustees of Columbia Univ. in City of New York*, No. 22-419, 2023 WL 2579044, at *2 (2d Cir. Mar. 21, 2023).

Under these well-established principles, the General Release is valid and enforceable. Its terms are clear and unambiguous. Plaintiff acknowledged that he had "a right to consult with an attorney . . . had an opportunity to do so, and enter[red] into th[e] Agreement freely and without duress of any kind." Agreement, ¶ 14. He received substantial monetary compensation in exchange

4

for releasing claims against Amazon. *Id.*, ¶ 2. And he does not come close to establishing any of the narrow grounds that would permit him to void his knowing and voluntary agreement.

        b.          <u>Plaintiff fails to demonstrate that his NYLL 740 claim cannot be waived.</u>

Plaintiff suggests that the General Release is invalid because it requires him to waive claims under NYLL 740(7), which he contends is an "explicit anti-waiver provision." Mot. at II(b). According to Plaintiff, this renders the entire Agreement invalid. *Id*. His argument is unavailing.

Section 740 provides protections to employees similar to the anti-retaliation provisions of other state and local laws, like the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). *See McSweeney v. Cohen*, 776 F.Supp.3d 200, 276 (S.D.N.Y. 2025) (acknowledging that plaintiff could claim "violation of Section 740 based on facts which are identical to those underlying her NYSHRL and NYCHRL retaliation claims"). The elements of a cause of action under all three statutes are the same. *See, e.g.*, *id*. (Section 740); *Saborit v. Harlem Hospital Ctr. Auxiliary, Inc.*, No. 19-4686, 2021 WL 2709411, at \*21 (S.D.N.Y. July 1, 2021) (NYSHRL and NYCHRL). ***This District Court has held that Section 740 claims, like other statutory employment claims, may be waived by the terms of a general release contained in a severance agreement.*** *Warden v. E.R. Squibb & Sons, Inc.*, 840 F. Supp. 203, 209 (E.D.N.Y. 1993) (enforcing general release in separation agreement that covered claims under Section 740: "Permitting employees to waive claims of retaliatory discharge for whistle-blowing activities is consistent with the principle that employees may validly release claims of discrimination under [federal employment law].") (citation omitted).

Contrary to Plaintiff's assertions, NYLL 740(7) does not include an "explicit anti-waiver provision." Instead, it states: "Nothing in this section shall be deemed to diminish the rights, privileges, or remedies of any employee under any other law or regulation or under any collective bargaining agreement or employment contract." "Words in a statute are to be given their plain

meaning without resort to forced or unnatural interpretations." *Castro v. United Container Mach. Grp., Inc.*, 96 N.Y.2d 398, 401 (2001); *see also United States v. Sabhnani,* 599 F.3d 215, 256 (2d Cir. 2010) ("We interpret the unambiguous terms of statutes according to their ordinary and plain meaning."). By its plain terms, NYLL 740(7) simply provides that a plaintiff may assert claims under Section 740 alongside claims under other statutes, like NYSHRL, or as provided in an employment agreement or collective bargaining agreement. It does not address parties' ability to waive claims under NYLL 740, let alone "explicitly" bar Plaintiff's voluntary, ex-post release. *See Warden*, 840 F. Supp. at 209 (recognizing that Section 740's terms do not prohibit parties from releasing claims under the statute).

NYLL 740(7) is unambiguous, and the Court can and should reject Plaintiff's argument based on the statute's text. But to the extent the Court looks beyond those terms, the statute's legislative history also confirms why Plaintiff's position is wrong. In December 2019, the New York State Legislature revised NYLL 740(7) to strike the underlined language:

> Nothing in this section shall be deemed to diminish the rights, privileges, or reme-dies of any collective bargaining agreement or employment contract; <u>except that the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule, or regulation or under the common law.</u>

NYLL 740(7) (L. 2019, c. 684, sec. 1, eff. Dec. 20, 2019). Prior to this change, courts interpreted Section 740(7) as an "election-of-remedies provision" that "contemplat[ed] that a plaintiff will *choose* whether to file a section 740 whistleblower claim or some other claim." *Reddington v. Staten Island Univ. Hosp.*, 11 N.Y.3d 80, 87 (2008). The law was amended to clarify the scope of NYLL 740(7) and a plaintiff's ability to bring claims under different statutes. *See Mills v. Steuben Foods, Inc.*, No. 19-1178, 2021 WL 4060421, at *8 (W.D.N.Y. Sept. 7, 2021) (recognizing that the legislative history to the 2019 "amendment noted that whistleblowers under the former provision lacked the ability to assert other claims if they brought a whistleblower claim") (citation

6

omitted). Amazon is not aware of any reported decision or legislative source suggesting that New York enacted this amendment to prohibit parties from waiving and releasing NYLL 740 claims in exchange for consideration pursuant to a private agreement. In fact, New York has twice amended NYLL 740 in the past seven years but in neither case did the legislature include anti-waiver language. *See* NYLL 740 (L. 2019, c. 684, sec. 1, eff. Dec. 20, 2019); NYLL 740 (L. 2021, c. 522, sec. 1, eff. Jan. 26, 2022). If the New York Legislature had intended to bar parties from entering into private agreements to release claims under Section 740, then presumably it would have done so.

In fact, it is beyond dispute that employees may release the anti-retaliation provisions of New York State employment laws, including claims under the NYLL, pursuant to a severance or settlement agreement. *See, e.g.*, *Marquez v. Roberto's Rest. Corp.*, No. 16-2304, 2017 WL 5468760, at *3 (S.D.N.Y. Nov. 13, 2017) (NYLL retaliation claims); *Solis v. 666 Fifth Assoc. LLC*, No. 20-5105, 2021 WL 5998416, at *2, *4 (S.D.N.Y. Dec. 20, 2021) (NYSHRL and NYCHRL retaliation claims); *Warden*, 840 F. Supp. at 209 (NYLL 740). And even where provisions of the NYLL contain, unlike Section 740, explicit limits on *prospective* waivers, "[c]ourts permit plaintiffs to release NYLL claims *ex-post*," regardless of whether those claims were the subject of a pre-release dispute. *Tortomas v. Pall Corp.*, No. 18-5098, 2020 WL 2933669, at *3 (E.D.N.Y. May 31, 2020) (citing *Difilippo v. Barclays Capital, Inc.*, 552 F.Supp.2d 417, 426 (S.D.N.Y. 2008) (dismissing NYLL overtime claim: plaintiff "executed a general release and waiver, waiving his right to seek relief under the New York Labor Law in exchange for a severance payment and is barred from raising this claim")). "Tellingly, Plaintiff cannot cite to a single case that found an *ex-post* settlement of NYLL claims violated the purpose of the NYLL. Plaintiff's

7

argument is particularly absurd in light of the fact that [] he was a well-compensated employee who released [his] NYLL claims in exchange for a substantial payment." *Id.* at *4.

Even if Plaintiff was correct that claims under NYLL 740 cannot be released—he's not—that would not invalidate the release. The General Release specifically states that the "Employee waives any and all claims against Employer, and *to the maximum extent permitted by law*." Agreement, ¶ 6. The Exception and No Interference with Rights Section similarly states that "[n]othing in [the] Agreement is intended to waive" claims "which cannot be released by private agreement." *Id.*, ¶ 15. Courts routinely enforce agreements with such carveouts. *See, e.g., Alvarez v. Delicias Tropical Rest. Inc.*, No. 20-3224, 2021 WL 7185501, at *3 (E.D.N.Y. May 5, 2021) (approving settlement agreement stating "that [p]laintiff . . . hereby releases and forever discharges, to the maximum extent permitted by law, [d]efendants . . . from all causes of action and claims which were alleged in the [c]omplaint filed in the action"); *Pettway v. Amazon.com Servs. LLC*, No. 23-1785, 2025 WL 2402633, at *2 (M.D. Fla. Aug. 19, 2025) (enforcing materially similar release by Amazon.com Services LLC).

      c.      <u>Plaintiff's other attempts to invalidate the General Release also fail.</u>

Plaintiff argues that the General Release is invalid because it applies to other supposedly "non-waivable" rights, such as protections under federal jury statutes, the Uniformed Service Employment and Reemployment Rights Act ("USERRA"), New York wage and hour laws, and intentional torts. Mot. at II(c), III(a)-(b). As discussed below, none of these statutes are at issue or before the Court. What's more, like his discussion of NYLL 740(7), Plaintiff offers no support for his position that claims under these laws cannot be released. The opposite is true. Courts, for example, have specifically held that employees may waive USERRA, NYLL, and intentional tort claims. *See Cornelius v. United Parcel Serv., Inc.*, No. 11-3206, 2012 WL 975053, at *1 (S.D.N.Y. Mar. 21, 2012) (holding that General Release in severance agreement barred USERRA claim);

8

*Tolle v. PocketSonics, Inc.*, No. 17-74, 2018 WL 1161142, at \*3 (W.D. Va. Mar. 5, 2018) (holding that "Severance Agreement used clear and unambiguous language to waive the plaintiff's USERRA rights" when the agreement expressly waives "any and all" claims in connection with Plaintiff's employment and termination); *Difilippo*, 552 F. Supp. 2d at 426 (enforcing release of NYLL claims based on employee severance agreement); *Branker v. Pfizer, Inc.*, 981 F. Supp. 862, 865-66 (S.D.N.Y. 1997) (holding that release in severance agreement barred "her claim for intentional infliction of emotional distress").[1]

A motion to strike may only be granted when there are both "no question[s] of fact that might allow the defense to succeed" and "no substantial question of law that might allow the defense to succeed." *Coach Inc.,* 756 F.Supp.2d at 425. Plaintiff cannot meet that standard because overwhelming authority confirms that he released his Section 740 claim by agreeing to the General Release in exchange for generous severance. There's still another reason to deny his motion. Plaintiff has also asserted a defamation claim, Am. Compl., ¶¶ 9-15, which his motion fails to mention. Plaintiff does not argue that his defamation claim cannot be released. Nor could he. *See, e.g.*, *WSP USA Corp. v. Marinello*, No. 13-4591, 2013 WL 6704885, at \*7 (S.D.N.Y. Dec. 19, 2013) (enforcing release against claims for defamation). For all these reasons, the Court should deny Plaintiff's motion.

**B.      The Agreement's Acknowledgements Section is Valid.**

Next, Plaintiff tries to poke holes in the Acknowledgements and Promise Not to Sue Section of the Agreement. These arguments are meritless too. By signing the Agreement, Plaintiff acknowledged that he provided Amazon with written "notice of any and all concerns regarding

---

[1] In addition, there is no private right of action under Judiciary Law § 519, *see Meyers v. Port Auth. of Trans Hudson (PATH)*, No. 20-9645, 2023 WL 5509050, at \*5 (S.D.N.Y. Aug. 25, 2023), and 28 U.S.C. § 1875, another statute Plaintiff cites, does not contain any anti-waiver language.

suspected ethical" concerns. Agreement, ¶ 8. He claims that this language renders his Agreement procedurally and substantively unconscionable. Mot. at II(a). Plaintiff has already represented to the Court that his Agreement is enforceable. ECF 9-1 at 1 (conceding enforceability of forum selection clause). The Court should reject his self-serving about-face, which has no basis in law or fact.

"The hallmark of procedural unconscionability is a bargaining situation characterized by an absence of meaningful choice on the part of one of the parties." *Ramiro Aviles v. S & P Glob., Inc.*, 380 F.Supp.3d 221, 303 (S.D.N.Y. 2019) (citation omitted). "Assessing whether a plaintiff has established such a situation requires an examination of the contract formation process and the alleged lack of meaningful choice." *Id.* (citation omitted). "[S]ubstantive unconscionability looks to the content of the contract." *Stein v. Skatteforvaltningen*, No. 23-2508, 2025 WL 2695441, at *30 (S.D.N.Y. Sept. 22, 2025) (citation omitted). An agreement is substantively unconscionable where it "so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable according to its literal terms." *Seriof Maritime Corp. v. Glencore Singapore Pte Ltd.*, No. 22-8012, 2023 WL 6317996, at *4 (S.D.N.Y. Sept. 28, 2023) (citation omitted). To invalidate the General Release, Plaintiff must establish both procedural and substantive unconscionability. *See Ramiro Aviles v. S&P Global, Inc.*, 380 F.Supp.3d 221, 303 (S.D.N.Y. 2019). He fails at both steps.

Plaintiff cannot show that he lacked meaningful choice when he accepted the Agreement. He is a well-educated engineer, Am. Compl., ¶ 4, who confirmed that he voluntarily assented to the Agreement after Amazon advised him of his right to consult with an attorney. Agreement, ¶ 14. Plaintiff cannot show substantive unconscionability, either. He entered into a routine Severance Agreement with a standard general release similar to releases routinely enforced by courts in this

10

Circuit. *See supra* at 10. Courts also routinely enforce agreements—including agreements with Amazon—where plaintiffs certify they have no pending actions. *See, e.g.*, *Pettway*, 2025 WL 2402633, at *2 (acknowledging that agreement was conditioned on the dismissal and closure of other charges against Amazon); *Smith v. Amazon.com Servs. LLC*, No. 21-2260, 2022 WL 179465, at *1 (D. Kan. Jan. 20, 2022) (enforcing settlement agreement executed by *pro se* plaintiff where plaintiff acknowledged that she had no other claims, complaints, or charges pending against Amazon); *Douglas v. New York Presbyterian Hosp.*, No. 15-9473, 2016 WL 7046817, at *3 (S.D.N.Y. Dec. 2, 2016) (enforcing release that required party to "represent[] that other than her [specified] complaint[s]  . . . , she has no pending claims, administrative charges, or complaints against the Hospital with [specified agencies]").

Citing a complaint he allegedly filed with the New York Attorney General in 2025, Plaintiff contends that he falsely affirmed that he had no "complaints" against Amazon. Mot. at III(c). Plaintiff fails to demonstrate that Amazon had notice of the complaint. Nor does Plaintiff allege that Amazon has taken any action against him because of his supposed misrepresentation or because he complained to the New York Attorney General (or any other governmental agency). That is no coincidence. The portion of the Acknowledgments section cited by Plaintiff does not refer to agency or administrative charges or actions, Agreement, ¶ 8, and, contrary to Plaintiff's argument, does not run afoul of SEC rules. The Agreement *specifically advised* Plaintiff that it does *not* prevent him from filing a charge with, providing information to, or participating in an investigation by any federal, state, or local agency, including the SEC. *Id.*, ¶ 15. Plaintiff clearly understood this because, according to his filings in this action, he raised a complaint with the SEC following his separation, ECF 22 at 13, and apparently raised a complaint with the New York Attorney General before his separation. Mot. at III(c).

Finally, the Agreement also states that, besides the General Release, its provisions are severable. Agreement, ¶ 9. So even if Plaintiff had demonstrated that the Acknowledgement section is "invalid," the result would be to sever that provision rather than invalidate the Agreement entirely. *See, e.g.*, *Fernandez v. Masterypro Grp.*, No. 18-4540, 2019 WL 4412804, at *3 (S.D.N.Y. Sept. 16, 2019) (striking unenforceable provisions of FLSA settlement agreement but approving agreement based on severability clause).

### C. Plaintiff's Hypothetical Arguments and References to Matters Outside of the Pleadings Have No Bearing on This Motion.

It is blackletter law that courts can only decide matters based on the facts and circumstances before them and not based on hypothetical scenarios not presented to the Court. *See Doe v. Columbia University,* 551 F.Supp.3d 433, 457 (S.D.N.Y. Aug. 1, 2021) (citing *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)) ("Federal courts may not 'decide questions that cannot affect the rights of the litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'"). Nevertheless, Plaintiff ignores these foundational principles and points to a series of hypothetical scenarios, based on statutes and claims not before the Court, as ground to grant his motion. Mot. at I(c), II(c). Plaintiff has not brought claims under "federal jury laws," USERRA, New York wage laws, or claims for intentional tort. Nor has Plaintiff argued that he would have asserted these specific claims had he not signed the Agreement. *See Kainz v. Bernstein*, 841 F. App'x 249, 252 (2d Cir. 2020). "Absent such allegations, any assertion that he was harmed by the loss of these unidentified legal rights is merely speculative" and Plaintiff therefore lacks standing to raise these types of speculative challenges. *Id*; *cf. G.B. v. Nassau Cnty.,* 751 F.Supp.3d 56, 63 (E.D.N.Y. 2024) ("Plaintiffs lack standing to challenge [Defendant] because, simply put, [the law] does not apply to them") (internal citations and quotations omitted).

12

The Court should also disregard Plaintiff's equally irrelevant assertions based on matters outside of the pleadings. These include allegations related to Amazon's performance management tools, Plaintiff's conspiratorial theories, and publications by undersigned counsel's law firm. *See, e.g.*, Mot. at IV(a), V. As a general rule, courts do not consider extrinsic evidence on a motion to strike unless both parties submit facts outside of pleadings which are necessary to resolve the issues presented. *See Upstate New York Engr's Health Fund v. John F. & John P. Wenzel Contractors, Inc.,* No. 17-570, 2019 WL 1208230, at \*3 (N.D.N.Y. Mar. 14, 2019). Those conditions do not exist here. Because Plaintiff's assertions about matters outside the pleadings are irrelevant to this motion, the Court should disregard them.

## IV. CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court deny Plaintiff's motion to strike and for such other relief as the Court deems just and proper.

Dated: New York, New York
April 14, 2026

Respectfully submitted,

/s/ *Jason D. Burns*
Jason D. Burns
Shira M. Poliak
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9294
Jason.Burns@gtlaw.com
Shira.Poliak@gtlaw.com

13

## CERTIFICATE OF SERVICE

I, Shira M. Poliak, hereby certify that on April 14, 2026, I caused a true and correct copy of the foregoing brief to be served by way of U.S. Mail on Plaintiff Andrew Quijano, *pro se*, at 54-29 69th Lane, Maspeth, NY, 11378, and by electronic mail.

*/s/ Shira M. Poliak*
Shira M. Poliak

14