UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
ANDREW QUIJANO,

        Plaintiff,                          REPORT AND
                                            RECOMMENDATION
      -against-                      26 CV 664 (LDH)(RML)

AMAZON.COM SERVICES LLC,

        Defendant.
---------------------------------------------------X

LEVY, United States Magistrate Judge:

By order dated March 13, 2026, the Honorable LaShann DeArcy Hall, United States District Judge, referred plaintiff's motion to remand to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiff's motion be denied.

## BACKGROUND

Plaintiff *pro se* Andrew Quijano ("plaintiff") filed this case on November 17, 2025 in New York State Supreme Court, Queens County, asserting claims against defendant Amazon.com Services LLC ("defendant") relating to his employment as a systems engineer. (See Verified Complaint, dated Nov. 17, 2025, Dkt. No. 1-2.) Plaintiff filed an amended complaint on November 21, 2025. (See Amended Complaint, dated Nov. 21, 2025 ("Am. Compl."), Dkt. No. 1-3.) On January 6, 2026, plaintiff served the summons, complaint, and amended complaint on defendant through the New York Secretary of State. (See Affidavit of Service of Mark E. McClosky, sworn to Jan. 6, 2026 ("McClosky Aff."), Dkt. No. 1-6.) Defendant removed the case to this court on February 5, 2026. (See Notice of Removal, dated Feb. 5, 2026 ("Notice of Removal"), Dkt. No. 1.) Plaintiff now moves to remand this case to state court on the purported grounds that this court lacks subject matter jurisdiction and that venue is improper in the Eastern District of New York. (Motion to Remand, dated Feb. 11, 2026,

Dkt. No. 9.)  Defendant opposes the motion, arguing that this court has subject matter jurisdiction over this action because the prerequisites for diversity jurisdiction are satisfied and that venue in the Eastern District of New York is proper because plaintiff filed his case in Queens.  (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Remand, dated Feb. 25, 2026 ("Def.'s Mem."), Dkt. No. 12.)

### DISCUSSION

Generally, a case may be removed from state court to federal court "if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction."  Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005) (citing 28 U.S.C. § 1441(a)).  On a motion to remand, "the [removing] defendant bears the burden of demonstrating the propriety of removal."  Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted); see also Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) ("On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." (quoting Hodges v. Demchuk, 866 F. Supp. 730, 732 (S.D.N.Y. 1994))).

A.  Subject Matter Jurisdiction

Defendants removed the present action under 28 U.S.C. § 1441, which allows for removal based on diversity of citizenship under 28 U.S.C. § 1332.  Section 1332(a)(1) states, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  Section 1332 "requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."  Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley

& Co., 772 F.3d 111, 117–18 (2d Cir. 2014) (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)).

Defendant is a citizen of Washington and Delaware (see Notice of Removal ¶ 11), and based on the allegations in the amended complaint, plaintiff is a citizen of New York (Am. Compl. ¶ 1).  It is undisputed that the amount in controversy exceeds $75,000.  (See Plaintiff's Memorandum of Law in Support of Motion to Remand, dated Feb. 27, 2026 ("Pl.'s Mem."), Dkt. No. 16, at 3-4.)  Therefore, defendant has met its burden of establishing that the parties are diverse.

B.  Venue

Pursuant to 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending.*

28 U.S.C. § 1441(a) (emphasis added).  In this case, the federal district "embracing the place" where the state court action was pending is the Eastern District of New York, which encompasses Queens, Brooklyn, Staten Island, and Nassau and Suffolk counties.  28 U.S.C. § 112(c).  Venue is therefore proper in this district.

C.  Timeliness

On reply, plaintiff argues that "[d]efendant's removal was untimely because it failed to 'effectuate' removal within the thirty-day window required by 28 U.S.C. § 1446(b)." (Pl.'s Mem. at 1.)  Under 28 U.S.C. § 1446(b), a notice of removal of a civil action or proceeding "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

3

proceeding is based."  Here, defendant was served with the summons, complaint, and amended complaint on January 6, 2026 (McClosky Aff.) and removed the case to this court on February 5, 2026 (Notice of Removal).  That is within the thirty-day deadline and is therefore timely.

I have reviewed plaintiff's submissions and find his remaining arguments without merit.  I therefore respectfully recommend that plaintiff's motion for remand to state court be denied.[1]

### CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motion to remand this case to New York state court be denied.  Any objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

Robert M. Levy
ROBERT M. LEVY
United States Magistrate Judge

Dated:  Brooklyn, New York
         June 18, 2026

---

[1]  Judge DeArcy Hall has also referred plaintiff's motion to strike defendant's second affirmative defense pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  (See Order, dated Apr. 6, 2026; Plaintiff's Motion to Strike, dated Mar. 17, 2026, Dkt. No. 20.)  However, defendant has expressed an intent to move to transfer venue to the Southern District of New York, and Judge DeArcy Hall has referred that forthcoming motion to me as well.  (See Order, dated Mar. 13, 2026.)  I will therefore defer consideration of plaintiff's motion to strike pending briefing and decision on defendant's motion to transfer venue.

4