UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

Andrew Quijano,  Plaintiff, Index No. 1:26-cv-00664

- against -

AMAZON.COM SERVICES LLC

SUPPLEMENTAL DECLARATION OF PLAINTIFF IN SUPPORT OF OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

I, Andrew Quijano, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am the Plaintiff, proceeding pro se, in the above-captioned matter. I make this Supplemental Declaration based on personal knowledge to support my Objections to the Magistrate's Report and Recommendation ("R&R").

2. To the best of my recollection and belief, on January 10, 2025, I was selected as an alternate juror in the New York State criminal matter proceeding in the Supreme Court of New York, Queens County, which according to my persistent memory and tracking of the underlying state court event was captioned as *The People of the State of New York v. Orlando Valdez* (Indictment No. 72733/2023, or a substantially similar state court caption). See ECF No. 18 Exhibit D, verifying jury attendance.

3. Consequently, I was forced to bring my personal laptop to the Queens County Criminal Court to actively conduct a job search during court recesses to find alternatives, given that the final written warning was an imminent threat to my livelihood (ECF No. 18 Exhibit B, ECF No. 24 Exhibit C).

4. My personal laptop features a prominent corporate "Amazon Security" sticker. A true and correct photograph of my laptop with this sticker attached is attached hereto as Exhibit A.

5. The climate of the state criminal trial was exceptionally high-stakes, driven by a palpable courtroom dynamic. While the presiding judge, the Honorable Judge Hartofilis, was consistently courteous and pleasant to the jurors, he maintained an explicit, zero-tolerance stance toward procedural errors that created an **unintended** aura of intimidation. On multiple occasions

following excessive objections, the Judge stepped down from the bench and ordered the Public Defender and the Assistant District Attorney into the hallway. Although I could not hear the specific words spoken outside the courtroom, the Judge's intense demeanor upon leaving and returning made the disciplinary nature of these hallway huddles obvious to anyone watching. This visual dynamic created an environment of intense pressure where we, the jurors, felt compelled to strictly "over-comply" with every judicial instruction simply to stay off the radar of a naturally intimidating court.

6. Due to the physical proximity mandated by jury service and long recesses, my employment at Amazon became known to a fellow juror on the panel. Specifically, during a court recess, this juror noticed the corporate 'Amazon Security' sticker on my personal laptop (Exhibit A). This observation prompted a candid conversation between us about Amazon's corporate ecosystem, during which the juror noted they were currently reading *The Exit Interview: The Life and Death of My Ambitious Career* by Kristi Colter.

7. Based on this unique shared connection established during our state jury service, this individual and I remained in contact after the trial concluded. In or about March 2025, during a subsequent discussion regarding the ongoing retaliatory actions I was facing from the Defendant, this individual, drawing from their own specific familiarity with Amazon's internal practices, explicitly alerted me to the existence and covert nature of Amazon's 'Focus' performance plan. It was this post-service disclosure that fully illuminated the true nature of the corporate actions initiated against me while I was actively serving the State of New York, prompting me to immediately preserve critical evidence.

8. I attached a screenshot of the fact that I called Queens County Court on March 2, 2026, to follow up on the status of removal.

This call is exactly why ECF No. 16, Exhibit C, originally showed as case active, and after the call, it changed to status disposed, as shown in the direct hyperlink provided. Queens County Court technically held this case for almost a full month after a botched notice of removal. Please confirm via this link that the RJI was served on both the Plaintiff and the Defendant.

https://iapps.courts.state.ny.us/nyscef/DocumentList?docketId=8OKeVr3vMc/QgP0iS_PLUS_8gqg==&display=all

I called 718-298-1046, **Preliminary Conference Part,** I got the number here

https://www.nycourts.gov/courts/11th-judicial-district/queens-county-supreme-court-civil-term/queens-supreme-civil-contact

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 19, 2026

Respectfully submitted,

*Andrew Quijano*

Andrew Quijano, Plaintiff Pro Se

54-29 69th Lane Maspeth, NY 11378

+1 (917) 224-2122