UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW QUIJANO, <br><br>     PLAINTIFF, <br><br>     v. <br><br> AMAZON, <br><br>     DEFENDANT | Case No. 1-26-cv-00664 <br><br> July 6, 2026 |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S OBJECTIONS
TO MAGISTRATE JUDGE LEVY'S REPORT AND RECOMMENDATION
DENYING PLAINTIFF'S MOTION TO REMAND**

**TABLE OF CONTENTS**

I.    BACKGROUND ...................................................................................................... 1

II.    LEGAL STANDARD ............................................................................................. 2

III.    ARGUMENT ......................................................................................................... 3

    A.    Judge Levy Properly Ruled on the Motion to Remand as a Threshold Matter. ................................................................................................... 3

    B.    Comity Is Not Relevant to Assess Whether this Court Has Subject Matter Jurisdiction Over the Action. ....................................................... 4

    C.    This Action Was Properly Removed from State Court. ......................... 5

IV.    CONCLUSION ...................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cullen v. BMW of North America*,
  84 F.R.D. 342 (E.D.N.Y. 1979) ...................................................................................5

*DeLuca v. Tonawanda Coke Corp.*,
  No. 10-859, 2011 WL 3799985 (W.D.N.Y. Aug. 26, 2011) .......................................4

*Goldman v. Grand Living II, LLC*,
  No. 21-1028, 2021 WL 4033277 (E.D.N.Y. Sept. 3, 2021) .......................................4

*Linden v. Chase Manhattan Corp.*,
  52 F. Supp. 2d 387 (S.D.N.Y. 1999).........................................................................6

*Marlin Bus. Bank v. Halland Cos., LLC*,
  18 F. Supp. 3d 239 (E.D.N.Y. 2014) ........................................................................3

*Moltner v. Starbucks Coffee Co.*,
  624 F.3d 34 (2d Cir. 2010).......................................................................................6

*Perez v. Ibrahim*,
  No. 23-7378, 2024 WL 4372359 (S.D.N.Y. Oct. 2, 2024).........................................6

*Ramirez v. Oscar De La Renta, LLC*,
  No. 16-7855, 2017 WL 2062960 (S.D.N.Y. 2017).....................................................6

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ...................................................................................................4

**Statutes**

28 U.S.C. § 636(b)(1)(C) ...............................................................................................3

28 U.S.C. § 1332(a) .......................................................................................................5

28 U.S.C. § 1367(c)(1)...................................................................................................4

28 U.S.C. § 1446(b) .......................................................................................................2

28 U.S.C. § 1446(d) .......................................................................................................5

This Court has subject matter jurisdiction over this action. The case presents a straightforward application of diversity jurisdiction: Plaintiff Andrew Quijano ("Plaintiff" or "Quijano") is a citizen of New York, Defendant Amazon.com Services LLC[1] ("Defendant" or "Amazon") is a citizen of Washington and Delaware, and the amount in controversy exceeds $75,000. The action also was timely and properly removed from Queens County Supreme Court. Amazon was served on January 6, 2026, and filed its notice of removal in federal court thirty days later, on February 5, 2026.

Plaintiff nevertheless moved to remand the action to state court. In a straightforward Report and Recommendation, Judge Levy denied that motion, correctly concluding that the Court has subject matter jurisdiction and that Amazon timely removed the action. Plaintiff now objects, but his objections do not undermine Judge Levy's analysis. Plaintiff principally argues that Judge Levy should have decided his pending motion to strike Amazon's second affirmative defense before addressing remand; that principles of comity require a New York State court to hear this action; and that Amazon failed to comply with the removal statute because of the timing of the state-court docket entry reflecting removal. Each argument is contrary to settled law and lacks merit. Amazon therefore respectfully requests that the Court reject Plaintiff's objections, adopt Judge Levy's well-reasoned Report and Recommendation, and deny Plaintiff's motion to remand.

## I.    BACKGROUND

Plaintiff Andrew Quijano commenced this defamation and retaliation action in Queens County Supreme Court, on November 17, 2025. ECF No. 1-2. Five days later, on November 21, 2025, Plaintiff filed an Amended Complaint. ECF No. 1-3. Plaintiff served the Summons, Complaint, and Amended Complaint through the New York Secretary of State on January 6, 2026.

---

[1] Plaintiff erroneously sued "Amazon." The proper name of Defendant is Amazon.com Services LLC.

ECF Nos. 1-1, 1-6. Amazon timely removed this action to the U.S. District Court for the Eastern District of New York on February 5, 2026, on the basis of diversity jurisdiction. ECF No. 1. As demonstrated in the Notice of Removal, Plaintiff and Amazon are citizens of different states (New York, and Washington and Delaware, respectively), the amount in controversy exceeds $75,000, and statutory removal requirements were satisfied. ECF No. 1. Plaintiff filed a motion to remand on February 11, 2026, which Amazon opposed. ECF Nos. 9, 12.

On June 18, 2026, Judge Levy denied Plaintiff's motion to remand. ECF No. 25 ("Order"). Judge Levy concluded that this Court has subject matter jurisdiction because the parties are diverse and it is undisputed that the amount in controversy exceeds $75,000. *Id.* at 3. He further found that venue is proper in the Eastern District of New York because actions filed in Queens County Supreme Court are properly removed to this Court. *Id.* Judge Levy also held that Amazon timely removed the action because it filed its notice of removal in federal court on February 5, 2026, within the thirty-day deadline set forth in 28 U.S.C. § 1446(b). *Id.* at 3-4. Judge Levy additionally noted that he had "reviewed plaintiff's submission and find[s] his remaining arguments without merit." *Id.* at 4.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 636, a district court judge can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If objections are made to a recommendation, the court employs a *de novo* standard of review. *See id.*

"When challenged, the party seeking removal bears the burden of establishing federal jurisdiction." *Marlin Bus. Bank v. Halland Cos., LLC*, 18 F. Supp. 3d 239, 240 (E.D.N.Y. 2014) (citation omitted). "On a motion for remand, the Court must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff" and "out of respect for the limited

2

jurisdiction of the federal courts and the rights of states, [the Court] must resolve any doubts against removability." *Id.* (citations omitted).

### III.    ARGUMENT

#### A.    Judge Levy Properly Ruled on the Motion to Remand as a Threshold Matter.

Amazon asserted as an affirmative defense that "Plaintiff's claims are barred because Plaintiff executed a severance agreement with Amazon, and its general release bars Plaintiff's claims." ECF No. 16. Plaintiff moved to strike that defense. ECF No. 20.

Plaintiff argues that Judge Levy erred by ruling on the motion to remand before addressing Plaintiff's pending motion to strike. ECF No. 26 ("Objections") at 3-4. According to Plaintiff, if the motion to strike is granted and the release and severance agreement are not enforced, then "the contract falls apart" and "the venue provisions of NYLL § 740(4)(b) instantly take absolute precedence." *Id.* at 3. Plaintiff similarly contends that if the release fails, then "the sole jurisdictional hook that anchors this case in SDNY evaporates," because the release is not severable and the severance agreement includes a venue provision stating that "disputes arising under this Agreement shall be brought in a court of competent jurisdiction within New York County, New York." *Id.* at 3-4; *see also* ECF No. 14-1, ¶¶ 9-10.

Plaintiff's argument fails at the threshold. Judge Levy properly addressed the motion to remand first because it raised the antecedent question whether this Court has subject matter jurisdiction. That question necessarily precedes consideration of any merits-based motion, including Plaintiff's motion to strike. "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Courts therefore routinely decide remand motions before addressing other pending motions. *See Goldman v. Grand Living II, LLC*, No. 21-1028, 2021 WL 4033277, at *3 (E.D.N.Y. Sept. 3, 2021) (collecting cases deciding motions to remand before motions to transfer venue); *DeLuca v. Tonawanda Coke Corp.*, No. 10-

3

859, 2011 WL 3799985, at *3 (W.D.N.Y. Aug. 26, 2011) (deciding motion to remand before motion to dismiss because remand raised a threshold jurisdictional question). Judge Levy therefore acted correctly in resolving remand before turning to any other pending motion.

Plaintiff is also wrong that the severance agreement is the only "anchor" to federal court. *See* Objections at 4. As Judge Levy concluded, the Court has original jurisdiction because diversity jurisdiction is satisfied. *See* Order at 2-3. The Court therefore may hear this action regardless of how it ultimately rules on Plaintiff's motion to strike or on the enforceability of the severance agreement. Plaintiff's disagreement with Amazon's affirmative defense does not defeat federal jurisdiction.

**B.    Comity Is Not Relevant to Assess Whether this Court Has Subject Matter Jurisdiction Over the Action.**

Plaintiff next argues that this matter should proceed in state court because New York has "absolute, sovereign interest[s]" in protecting the integrity of its juror system. Objections at 4-5; *see also id*. at 9-10. Relying on 28 U.S.C. § 1367(c)(1), Plaintiff contends that "comity requires that this unique dispute be remanded" because, in his view, the case involves "a highly novel, unmapped terrain of New York State Law." *Id.* at 5, 11-12; *see also id*. at 12-15.

That argument misapplies the statute. Section 1367 governs the exercise of *supplemental* jurisdiction over claims related to claims within a district court's original jurisdiction. It does not provide a basis to decline jurisdiction over claims that are independently within the Court's original jurisdiction. Here, the Court has original jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Amazon are citizens of different states and the amount in controversy exceeds $75,000. *See* Order at 2-3. Plaintiff therefore cannot invoke principles governing supplemental jurisdiction to avoid a properly removed diversity action. Because diversity jurisdiction is satisfied, the Court's exercise of jurisdiction is not discretionary. *See* 28 U.S.C. § 1332(a) ("The district

courts *shall* have *original jurisdiction* of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.") (emphasis added).

### C.    This Action Was Properly Removed from State Court.

Plaintiff also incorrectly argues that Amazon failed to satisfy the statutory requirements for removal. Objections at 10-11. Amazon filed its notice of removal on the federal docket on February 5, 2026. The notice of removal was then filed on the state-court docket, on February 6, 2026, at 1:00 a.m. ECF Nos. 1, 9-4. Plaintiff contends that the timing of the state-court filing controls and that the "case was not timely effected within the strict statutory window." Objections at 8.

That position is inconsistent with the law in this Circuit. Section 1446(d) provides that, "[p]romptly after the filing of such notice of removal of a civil action," the defendant "shall file a copy of the notice with the clerk of such State court, which shall effect the removal." 28 U.S.C. § 1446(d). But filing a copy of the notice in state court is a procedural and ministerial step; it does not determine whether federal jurisdiction exists. *See Cullen v. BMW of N. Am.*, 84 F.R.D. 342, 343 (E.D.N.Y. 1979) ("The filing with the State court of copies of the notice and petition for removal is a procedural and ministerial act, failure of which does not affect the federal court's jurisdiction."); *see also Perez v. Ibrahim*, No. 23-7378, 2024 WL 4372359, at *2 (S.D.N.Y. Oct. 2, 2024) ("[T]he Second Circuit Court of Appeals has counseled against taking an overly rigid, formalistic approach to this requirement."). Federal jurisdiction attaches when the notice of removal is filed in federal court, and until removal is complete, state and federal courts have concurrent jurisdiction. *See Linden v. Chase Manhattan Corp.*, 52 F. Supp. 2d 387, 388 (S.D.N.Y. 1999) (citation omitted). Even where a copy of the removal notice was never filed in state court, a properly filed federal notice of removal may be deemed sufficient for jurisdictional purposes. *See id.* at 388. And "constructive notice to the state court is sufficient to fulfill the state-court filing requirement of section 1446(d)." *Perez*, 2024 WL 4372359, at *3. That requirement was plainly

satisfied here: within hours of filing the notice of removal in this Court, Amazon filed a copy of the notice on the Queens County docket. Accordingly, this action was properly removed from state court.[2]

## IV.    CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court overrule Plaintiff's objections, adopt Judge Levy's Report and Recommendation, and deny Plaintiff's motion to remand.

Dated:  New York, New York
        July 6, 2026

                                         Respectfully submitted,

                                         /s/ *Jason D. Burns*

                                         Jason D. Burns
                                         Shira M. Poliak
                                         GREENBERG TRAURIG, LLP
                                         One Vanderbilt Avenue
                                         New York, NY 10017
                                         (212) 801-9294
                                         Jason.Burns@gtlaw.com
                                         Shira.Poliak@gtlaw.com

---

[2] Even if Plaintiff's argument regarding the timing of the state court notice of removal had merit— it does not—Amazon still satisfied all statutory removal requirements for another reason. The amount in controversy is not apparent on the face of the complaint. *See* ECF No. 1-3. Therefore, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). While Plaintiff states what forms of damages he seeks in his Amended Complaint, he does not provide a numerical figure for the damages or his wages or salary such that his damages can be reasonably calculated on the face of the pleading. *See* ECF No. 1-3, Demand for Relief. "A defendant may be required to take out a calculator while reading a complaint, but he has no duty to review his files to uncover facts not alleged in pleading or other paper served by the plaintiff." *Ramirez v. Oscar De La Renta, LLC*, No. 16-7855, 2017 WL 2062960, at *2 (S.D.N.Y. 2017). In opposition to Plaintiff's motion to remand, Amazon submitted a declaration from a Human Resources representative regarding Plaintiff's wages to estimate his damages. *See* ECF No. 12-1. Therefore, arguably the notice of removal deadline never started.

6

## CERTIFICATE OF SERVICE

I, Shira M. Poliak, hereby certify that on July 6, 2026, I caused a true and correct copy of the foregoing brief to be served by way of U.S. Mail on Plaintiff Andrew Quijano, *pro se*, at 54-29 69th Lane, Maspeth, NY, 11378, and by electronic mail.

*/s/ Shira M. Poliak*
Shira M. Poliak